Fitzgerald v. State.

---

## JAMES M. FITZGERALD v. THE STATE.

Upon an indictment framed under the supplement to the Crimes act, approved March 17th, 1874 (*Rev., p.* 262, § 201), a fraudulent conversion to his own use, by an agent entrusted with personal property to sell, of said property, or of the proceeds of the sale thereof, is an essential ingredient of the crime charged, and evidence merely of neglect to pay over the proceeds of such a sale will not justify a conviction.

Error to Camden Sessions.

Argued at February Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For the plaintiff in error, *J. J. Crandall.*

For the state, *Wilson H. Jenkins,* prosecutor of the pleas.

The opinion of the court was delivered by

MAGIE, J.    The record in this case shows a conviction of the plaintiff in error upon an indictment.    He contends that the judgment of conviction should be reversed for numerous errors alleged to have been committed in the admission of evidence, in the charge to the jury, and in the refusal to charge as requested.

One of the assignments of error directs our attention to a portion of the charge which I have found it impossible to approve.

The indictment avers that the accused was, at the time in question, a member of the board of chosen freeholders of the

county of Camden, and chairman of the committee of public works, and that, in his official capacity, it became his duty to sell certain stone belonging to the county of the value of $1200, and to receive and pay to the county collector the proceeds, but charges that he had fraudulently taken and converted to his own use $257.26, part of such proceeds.

The indictment is admittedly drawn under the supplement to the Crimes act, approved March 17th, 1874. *Rev., p.* 262, § 201. By that act it is, among other things, enacted that if any agent, entrusted with the sale of personal property, shall fraudulently take and convert the same, or the proceeds of the sale of the same, or any part thereof, to his own use, he shall be deemed guilty of a misdemeanor.

While it was strenuously urged that the terms of this act do not apply to public officers acting in an official capacity, no contention was made that the act itself had been superseded or repealed by the provisions respecting embezzlement contained in the revised Crimes act, which was approved ten days later. Therefore, no consideration has been given to this question.

Assuming the act to be in force, it is obvious that one of the elements of the crime thereby created is the fraudulent conversion to his own use by the accused of personal property entrusted to him for sale, or of some part of the proceeds of such a sale.

On this subject the court below instructed the jury that if they found that the accused retained in his hands, of several sums so received, a total of the amount stated in the indictment, and neglected to pay it over, this would be sufficient to justify a conviction. By this instruction, the mere neglect to pay over was made sufficient evidence of a fraudulent conversion of such proceeds. In this, I think there was error.

By the theory of the indictment the accused had become lawfully possessed of the proceeds of the sale. A neglect to pay them over may have been a breach of official duty. But he was not indicted for that offence. The charge was the fraudulent conversion of the proceeds to his own use. When the owner of goods which have been intrusted to another

Fitzgerald v. State.

seeks redress for their conversion in a civil action, he is compelled to establish the fact of conversion by proof of the exercise of some dominion over the goods inconsistent with the right of the true owner. Proof that the owner had demanded the goods, and that the person in possession had refused to return them, is accepted as evidence of conversion. But mere neglect to return, in the absence of a demand, has never been admitted as proof of conversion. Still less will the mere neglect to pay over proceeds lawfully received prove a fraudulent conversion thereof.

Whether a neglect to pay over such proceeds at a time fixed by law, or by a rule binding on the accused, or by the terms of his employment as agent, might not be admitted as evidence of conversion, is a question not raised by the case. In *Regina* v. *Moah*, 36 *Eng. L. & E.* 592, a revenue officer was indicted under a statute which provided that if any person in the public service, and entrusted with the receipt of public money, should fraudulently apply money so received to his own use, he should be guilty of larceny. It appeared that defendant had received over £5000 of public money, and retained it beyond the period when it was his duty to pay it over. What had become of the major part of the sum did not appear, but it was shown that defendant had admitted the recent receipt of £300, and the use of a portion thereof in an unfortunate speculation. It was held that he was properly convicted of having fraudulently applied to his own use that portion of the £300 which he had used, but it was considered doubtful whether, upon the case, he could have been convicted of having fraudulently applied to his own use any other portions of the sums he had received.

In this case there was no evidence that the accused was required, by any rule or agreement, to pay over the proceeds at any specified time. So far as appears, defendant was bound only to the ordinary duties of an agent.

The instruction, moreover, was so broad that it required a conviction, unless the accused, upon receiving the proceeds of sale, had gone at once and without delay to the county col-

lector and paid them over. A delay of a week, or even of a day, and whether from regard to his own convenience or from forgetfulness, would subject accused to a conviction for converting public money, with a fraudulent intent, to make it his own. Such an instruction cannot be sustained.

That the accused was prejudiced thereby is plain. He contended that there had been no fraudulent conversion, and no evidence warranting such a conclusion. This construction rendered that contention of no avail.

On this ground the judgment below must be reversed.