Dix, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 24, 1894 — January 8, 1895.*

*Embezzlement: Place of commission of offense.*

Evidence that an agent who had collected moneys in other counties was in the county in which, by contract, it was his duty to pay over the same, and that he failed to do so, is not sufficient to sustain a conviction of embezzlement in the latter county, in the absence of evidence of a demand of payment in that county by the person entitled to receive such moneys, or of a conversion thereof to his own use in that county.

ERROR to review a judgment of the circuit court for Ashland county: J. K. PARISH, Circuit Judge. *Reversed.*

The information charges, in substance, that the plaintiff in error did, September 3, 1892, in Ashland county, in this state, while acting as the servant of the Armour Packing Company, receive by virtue of his employment, and have the custody and possession of, and was intrusted with the safe-keeping of, $2,188.44, the money of the Armour Packing Company, of the value mentioned, and did afterwards feloniously and fraudulently embezzle and convert the same to his own use, and did thereby feloniously take, steal, and carry away said money, against the peace and dignity of the state of Wisconsin. To that charge the plaintiff in error pleaded not guilty.

At the close of the trial the jury returned a verdict to the effect that the plaintiff in error was guilty of embezzlement of the sum of $387.96, as charged in the information. Thereupon, and on June 5, 1894, the circuit court for Ashland county adjudged that said plaintiff in error be confined in the state prison at Waupun by the warden thereof, at hard labor, for the period of three years; that the first day of his confinement therein and the 3d day of September each year thereafter should be solitary confinement; said

term of imprisonment to begin at noon of said last-mentioned day.    To review that judgment the accused has sued out this writ of error.

For the plaintiff in error there was a brief by *Geo. C. & Fred A. Teall,* and oral argument by *C. M. Morris.*    To the point that the offense was not committed in Ashland county, and that the circuit court of that county had no jurisdiction to pass sentence, they cited *In re Eldred,* 46 Wis. 553; *State v. First Nat. Bank,* 2 S. Dak. 568; *Larkin v. People,* 61 Barb. 226; *Swart v. Kimball,* 43 Mich. 443; *Hill v. Taylor,* 50 id. 549.

For the defendant in error there was a brief by the *Attorney General* and *J. M. Clancey,* Assistant Attorney General, and oral argument by the *Attorney General.*

Cassoday, J.    It appears from the evidence that during September, 1892, and for some time prior thereto, the Armour Packing Company was doing business in Wisconsin, having its headquarters or place of business at Ashland; that during that time the plaintiff in error, *Dix,* was a salesman and collecting agent for the company at Eau Claire, Chippewa Falls, and along the Omaha Railway line, and that he collected from time to time a large amount of money in the aggregate, of which he failed to make returns to the company at Ashland, personally or by mail, at weekly periods, as it was his duty to do; that *Dix* was in Ashland, September 25, 1892, and then paid in some money to the company as usual; and that he left the employ of the company some time between September 25, 1892, and October 1, 1892. The precise times and places of making such collections, and the several persons from whom the same were made, are not stated in the evidence, except as to between $300 and $400, and substantially all of such items appear to have been collected after the time he is convicted of having made the alleged embezzlement.    In a letter to one of the Armours,

dated December 21, 1893, *Dix* admits that he had embezzled
$2,250 of the company's moneys while he was acting as col-
lector and salesman at Eau Claire.   It is conceded that *Dix*
never sold any goods nor made any collection for the com-
pany in Ashland county, and it is further conceded that no
statement was ever made out nor any demand on *Dix* was
ever made for any particular amount of money at the time
he was so last in Ashland, and there is no evidence of any
demand for the moneys so retained at any time.   For aught
that appears, all the money so collected and retained may
have been converted by *Dix* to his own use in some other
county than Ashland.   The only evidence relied upon to
prove that *Dix* embezzled money in Ashland county is that
he was there as mentioned, and then failed to pay over or
account for the money he had previously collected.

The question recurs whether, upon such testimony, *Dix*
could be properly convicted of having committed the crime
charged in Ashland county.   He was entitled to a public
trial by an impartial jury of the county or district wherein
the offense had been committed.   Const. art. I, sec. 7.   The
words "county or district" are descriptive of the territorial
jurisdiction.   *Weyrich v. People,* 89 Ill. 90; *Wheeler v. State,*
24 Wis. 52; *State ex rel. Brown v. Stewart,* 60 Wis. 587.   The
court charged the jury, as a matter of law, to the effect
that if the evidence on the part of the state was true then
*Dix* was guilty; that the failure to pay over where it is in the
line of duty for a person to do so is an embezzlement, and
wherever the payment should be made the defendant can
be tried; that the failure to pay the money there in Ashland
county, if they found, under the evidence, it was his duty to
so pay there, was an embezzlement in that county; and con-
sequently that was the place where the defendant should be
tried for the offense.   This is not a case where the accused
was required by statute to pay over the money so collected
at a particular place and to a particular person.   His duty

to so pay over rested in contract. His *refusal* or *wilful* neglect to so pay over *upon the demand thereof* by the proper person entitled to receive the same, or the conversion of the same to his own use without special authority, would have been *prima facie* evidence of the embezzlement thereof. R. S. sec. 4419. But the evidence fails to show any such refusal or wilful neglect upon such demand in Ashland county, or any such conversion in Ashland county, and hence the state failed to make out a *prima facie* case of embezzlement in Ashland county. *In re Eldred,* 46 Wis. 530; *Hill v. Taylor,* 50 Mich. 549; *State v. First Nat. Bank,* 2 S. Dak. 568.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial. The warden of the state prison will surrender the plaintiff in error to the sheriff of Ashland county, who will hold him in custody until he shall be discharged or his custody changed by due course of law.