PRINSLOW, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 15—June 3, 1909.*

*Embezzlement of money: Evidence: Variance: Demand, when necessary: New trial: Supreme court.*

1. There is no material variance between an information charging embezzlement of sixty dollars in money and proof that defendant received a check for a larger sum in payment of sixty dollars upon a debt to a corporation of which he was president; that he paid the difference to the debtor and deposited the check in a bank in his own name; and that he afterwards drew the money from the bank.

2. Proof of a demand for money alleged to have been embezzled is necessary only where a demand is necessary to show the fraudulent conversion embraced in the offense.

3. Sec. 4719, Stats. (1898), vests in the supreme court a broad and liberal discretion in ordering a new trial in criminal actions where the justice of the case demands.

4. A new trial is directed by the supreme court although it had been denied by the trial court, in a prosecution for embezzlement, where the only evidence of fraudulent conversion was defendant's failure to report the collection of money for a corporation of which he was president, and it appeared that shortly after he collected it he applied the money, together with some of his own, upon an obligation of the company, and evidence discovered after the trial would have tended to prove that at the time in question the corporation was largely indebted to him.

ERROR to review a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

The plaintiff in error, *F. O. Prinslow,* hereinafter called defendant, was tried in the circuit court for Fond du Lac county upon an information charging him with having on the 24th day of November, 1906, in the county of Fond du Lac, embezzled $60 in money, the property of the Prinslow & Watson Implement Company, a domestic corporation,

whose principal office was in the city of Fond du Lac, in said county. The jury returned a verdict of guilty in the manner and form charged in the information. Motions were made in arrest of judgment and for a new trial, which were denied, and the defendant sentenced to be punished by payment of a fine of $150, together with costs of prosecution, and in default of payment to be imprisoned in the county jail of Fond du Lac county until said fine and costs be paid, not to exceed a period of six months.

Among other grounds for a new trial is assigned newly discovered evidence, and several affidavits were used upon the motion tending to show that at the time of the alleged embezzlement the Prinslow & Watson Implement Company was indebted to the defendant in a large sum of money; that upon an account stated between defendant and the Prinslow & Watson Implement Company covering a period from July 3, 1906, to and including January 5, 1907, said account showed a balance in favor of defendant against said company of $2,628.07; that on the 9th day of February, 1907, a trustee in bankruptcy of defendant was duly appointed and an action brought by said trustee against the Prinslow & Watson Implement Company to recover the sum of $2,628.07, and said action settled by the payment of $100 to the trustee on December 14, 1907, and that it was insisted and claimed in said action that the Prinslow & Watson Implement Company was indebted to the defendant at the time he was adjudged a bankrupt in the sum of $2,628.07, but that it was believed said company was insolvent and that a judgment against it could not be collected, and therefore a settlement was made for $100. It further appears from the affidavits that during the period from July 3, 1906, to January 5, 1907, the defendant was not indebted to said company in any sum upon settlement of accounts between them. Other facts are set up in the affidavits tending to show that due diligence was used to discover the facts in ref-

·erence to said indebtedness and condition of accounts between defendant and said Prinslow & Watson Implement Company, ·and also with reference to the suit brought by the trustee in bankruptcy of the defendant against said Prinslow & Watson Implement Company, but that at the time of trial defendant and his counsel were wholly ignorant of these facts ·and did not discover them until after verdict. The affidavits further show that defendant was a man of very little education, had no knowledge of bookkeeping, and had nothing whatever to do with the keeping of the books of the Prinslow ·& Watson Implement Company, and that none of the entries ·were made by him; that the newly discovered evidence would have had controlling influence upon the jury, strongly tending to produce a verdict of not guilty.

Execution was. stayed, and defendant removed the record here by writ of error.

*Maurice McKenna,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *F. T. Tucker,* assistant attorney general, ·and oral argument by *Mr. Tucker.*

KERWIN, J.   The defendant at the time of trial was a married man, thirty-seven years of age, born in Fond du Lac ·county, Wisconsin, where he had lived all his life.   He seems to have borne a good reputation, at least up to about the time ·of the alleged offense.   The Prinslow & Watson Implement Company named in the information was incorporated in July, 1906, August Prinslow being vice-president, J. N. Watson secretary and treasurer, and the defendant president, which office he held until January 3, 1907, at which time he was forced into voluntary bankruptcy.

1. It is first assigned as error that the proof does not support the charge.   The information charged the embezzlement of $60 in money, and it is claimed that the proof was predicated upon the receipt by the defendant and conversion

of what was known as a "milk check" for the sum of $68.93, drawn by one Peter Stephany to the order of one J. P. Bierschbach. This check was delivered to the defendant in payment of $60 upon an indebtedness of the holder of the check to the Prinslow & Watson Implement Company, the defendant paying the balance of the amount of the check, $8.93, to the holder. The defendant then deposited the milk check in the bank and received the value of it, $68.93, so that he did in fact shortly after receipt of the check get into his possession the value of the check, and, if he was guilty of embezzlement by the transaction, he embezzled the money to the amount of $60, proceeds of the check, less the $8.93 paid by him to the holder. Before the check was cashed by the defendant he had an interest in it to the extent of $8.93 and the corporation $60. The defendant deposited the check in his own name with other money, and during the month drew the money out of the bank. He admits that he had the $60 and paid it upon a check for $100.73 drawn by the company, paying the balance of the check, $40.73, out of his own money. It is clear, we think, that there was no material variance between the information and the proof, because upon the evidence, if any embezzlement were committed, it was under the proof an embezzlement of money. *Secor v. State,* 118 Wis. 621, 95 N. W. 942; *Comm. v. Gateley,* 126 Mass. 52; *People v. Hanaw,* 107 Mich. 337, 65 N. W. 231.

2. Error is assigned because no demand was shown for the money alleged to have been embezzled. The crime of embezzlement embraces the fraudulent conversion of the property embezzled, and where it is necessary to make a demand in order to establish a conversion a demand is necessary. Sec. 4418, Stats. (1898); *Kossakowski v. People,* 177 Ill. 563, 53 N. E. 115; *Fitzgerald v. State,* 50 N. J. Law, 475, 14 Atl. 746; *State v. Reynolds,* 65 N. J. Law, 424, 47 Atl. 644; *Secor v. State,* 118 Wis. 621, 95 N. W. 942; *Dix v. State,* 89 Wis. 250, 61 N. W. 760; *State v. Heiden;* 139

Wis. 519, 121 N. W. 138. Sec. 4419, Stats. (1898), which makes "the refusal or wilful neglect of any officer or other person" to pay over money *prima facie* evidence of the embezzlement thereof, is relied upon by the plaintiff. This statute manifestly has reference to cases where a demand is necessary, and in that event the statute makes the demand only *prima facie* evidence of embezzlement, leaving the question of fraudulent conversion and proof respecting embezzlement undisturbed in cases where no demand has been made. It is the fraudulent conversion of the money that constitutes the offense, and that may be proved without a demand. *People v. Ward,* 134 Cal. 301, 66 Pac. 372; *Wallis v. State,* 54 Ark. 611, 16 S. W. 821.

3. Error is also assigned on refusal of motion for a new trial. Aside from the newly discovered evidence set up in the motion for a new trial, the evidence of embezzlement is exceedingly weak. Practically the only evidence upon the question of fraudulent conversion is the failure to report the collection of the $60, which failure was explained by the defendant. Moreover, the evidence shows that the defendant was endeavoring to meet the obligation of the company, which at the time was in a rather straitened financial condition. He applied the $60 collected on an obligation of the company shortly after he collected it, together with $40.73 of his own money. Besides, had the newly discovered evidence been before the jury, it would at least have strongly tended to prove that at the time of the alleged embezzlement the Prinslow & Watson Implement Company was indebted to the defendant on account in a large amount, and under such circumstances, together with the other evidence, it is difficult to see how the jury could have convicted the defendant. We therefore think that upon the whole record the court below should have granted a new trial. Sec. 4719, Stats. (1898), provides that the circuit court may grant a new trial "for any cause for which by law a new trial may be granted or

when it shall appear to the court that justice has not been done, and on such terms and conditions as the court may direct." This section further provides:

"When an application for a new trial under this section shall be refused a writ of error shall, on the application of the defendant, be issued from the supreme court to bring such matter before it; and upon such writ the supreme court shall have the power to review the order refusing to grant a new trial and render such judgment thereon as it may deem proper."

This statute vests in this court a broad and liberal discretion in ordering a new trial when the justice of the case demands. In *Lonergan v. State,* 111 Wis. 453, 456, 87 N. W. 455, 456, this court said:

"In criminal cases, and especially in a prosecution for a capital offense, the defendant has a clear right to have his guilt determined by the court as well as by the jury. 'If the verdict does not satisfy the conscience of the judge, the prisoner is entitled to a new trial.' The accused has the right to have 'the solemn opinion of the judge who tried the cause, after a careful hearing of all that may be alleged against its justice, that it ought to stand.' *Ohms v. State,* 49 Wis. 415, 5 N. W. 827. Not only has he this right to the solemn judgment of the trial judge, but he has also the right upon writ of error, if the question is properly presented by the record, to demand the deliberate opinion and judgment of this court upon the question whether his guilt was sufficiently proven."

Error is assigned upon the charge. As to whether or not there is reversible error in the charge the members of this court are not agreed. Since the question presented under this head is not likely to arise upon another trial, we shall refrain from discussing it. We are of opinion that justice demands that a new trial should be granted.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.