5 So.2d 121

**STATE v. CASON et al.**

No. 36290.

Nov. 3, 1941.

Rehearing Denied Dec. 1, 1941.

G. W. Gill, Albert B. Granzin, Jr., and Sidney A. Mitchell, all of New Orleans, for relators.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and J. Bernard Cocke, Dist. Atty., and Guy Johnson, Asst. Dist. Atty., both of New Orleans, for the State.

McCALEB, Justice.

Shirley G. Wimberly, B. W. Cason and Carl L. Durett were indicted on three counts by the Grand Jury of the Parish of Orleans under Section 903 of the Revised Statutes for embezzling monies belonging to the Department of Labor of this State. A plea to the jurisdiction of the district court was filed by all of the defendants and overruled by the trial judge. The relators Wimberly and Cason, invoking the supervisory powers of this court, applied for and were granted a writ of certiorari.

The first count of the indictment charges as follows:

"The Grand Jurors of the State of Louisiana, duly empaneled and sworn in and for the body of the Parish of Orleans, in the name and by the authority of the said State, upon their oath, Present That one B. W. Cason, one Carl A. Durett and one Shirley

G. Wimberly, each, late of the Parish of Orleans, on the fifteenth day of February in the year of our Lord, one thousand, nine hundred and forty with force and arms in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans he, the said B. W. Cason, being then and there the Commissioner of the Department of Labor of the State of Louisiana, and as such, an officer, agent and employee of the said State of Louisiana, and he, the said Carl A. Durett, and he, the said Shirley G. Wimberly, each, advising, knowingly and wilfully participating with each other, did by virtue of the office, agency and employment existing between him, the said B. W. Cason, and the said Department of Labor of the State of Louisiana, and while he, the said B. W. Cason, was acting in his capacity aforesaid, each did receive and take into his possession, and have entrusted to his care and keeping, for and in the name of, and for the account of the Department of Labor of the State of Louisiana, as aforesaid, $37.50, in lawful money of the United States of America, the said $37.50 being a portion of public money which he, the said B. W. Cason, had entrusted to him by the said State of Louisiana for safe-keeping and disbursement, and which said money so to him entrusted, they, the said B. W. Cason, the said Carl A. Durett, and the said Shirley G. Wimberly, each, did then and there feloniously, wrongfully use, dispose of, conceal, convert to his own use and embezzle, by using said public monies in a manner other than as directed by law, in that he, the said B. W. Cason, and he,

the said Carl A. Durett, and he, the said Shirley G. Wimberly, did feloniously and knowingly carry the name of Roland Rieth on the lists or pay rolls of the said Department of Labor of the State of Louisiana, as an employee of said Department of Labor, and he, the said B. W. Cason, and he, the said Carl A. Durett, and he, the said Shirley G. Wimberly, did pay the said Roland Rieth; and he, the said Roland Rieth did receive salary and pay to the extent of $37.50 for the period from February 1 to 15, 1940, for services not actually rendered the State of Louisiana; contrary to the form of the Statute of the State of Louisiana in such cases made and provided and against the peace and dignity of the same."

The second count of the indictment is in substantially the same language as the first count—the only difference being that it charges the defendants with paying the sum of $37.50 to one Sardenga. The third count is likewise the same except that it charges the defendants with paying $37.-50 to one Vlahakis.

For the purpose of the trial on the plea to the jurisdiction of the court, an agreed statement of facts was entered into between the District Attorney and the attorneys for the defendants. The essential portion of the agreement reads as follows:

"That B. W. Cason, one of the defendants herein was the Commissioner of Labor of the State of Louisiana, on the date charged in the bill of indictment herein, February 15th, 1940, and was a resident of East Baton Rouge Parish, State of Louisiana, on said date.

"That the Department of Labor of the State of Louisiana was domiciled in the Parish of East Baton Rouge, State of Louisiana, and its principal office was located and situated in the Parish of East Baton Rouge, State of Louisiana, on the date charged in the bill of indictment herein, i. e., February 15th, 1940.

"That the money charged to have been embezzled, if embezzled, was entrusted, if entrusted, to B. W. Cason, one of the defendants herein, in the Parish of East Baton Rouge, State of Louisiana; and that any money entrusted to the said B. W. Cason was to have been accounted for by the said B. W. Cason in East Baton Rouge Parish, State of Louisiana.

"That the depository of the money of the Department of Labor of the State of Louisiana was the City National Bank of Baton Rouge, located in East Baton Rouge Parish, State of Louisiana.

"That the monies alleged to have been embezzled, and alleged to have been received by one Roland Rieth, one Martin P. Sardenga and one Peter Vlahakis, in the bill of indictment herein, were received by the said Roland Rieth, the said Martin P. Sardenga and the said Peter Vlahakis in the form of checks drawn on the City National Bank of Baton Rouge, located in East Baton Rouge Parish, State of Louisiana.

"That the said Martin P. Sardenga, the said Peter Vlahakis and the said Roland Rieth, on the date charged in the bill of indictment were and are residents of the Parish of Orleans, and that the monies alleged to have been embezzled and alleged to have been received by the said Martin P. Sardenga, the said Peter Vlahakis and the said Roland Rieth were received for services supposedly rendered in the Parish of Orleans.

"That the checks referred to were mailed from Baton Rouge and received by the said Peter Vlahakis, the said Martin P. Sardenga, and the said Roland Rieth in the City of New Orleans and cashed in the City of New Orleans.

"That Shirley G. Wimberly, one of the defendants herein was not, on February 15, 1940, or any other date, employed in any capacity in the Department of Labor of the State of Louisiana; and that the said Shirley G. Wimberly had no authority to draw any checks on any account, in any bank, of the Department of Labor of the State of Louisiana; and that the said Shirley G. Wimberly had no authority to employ any persons or to discharge any persons from employment in the Department of Labor of the State of Louisiana."

The question presented for our determination is whether the alleged embezzlement was committed in the Parish of Orleans or in the Parish of East Baton Rouge. Counsel for the relators contend that the statement of facts clearly reveals that, if an embezzlement was committed, it took place solely within the Parish of East Baton Rouge. In support of this contention, counsel rely upon our recent decision in the case of State v. Smith et al., 194 La. 1015, 195 So. 523, 525, which they say is full and complete authority for the maintenance of relators' plea.

On the other hand, the District Attorney argues that the decision in State v. Smith et al. is, in fact, distinguishable from the instant matter and he submits, alternatively, that, even if it is not, the Criminal District Court for the Parish of Orleans nevertheless has jurisdiction of the offense for the reason that the indictment and statement of facts show that the crime charged was partially committed within the Parish of Orleans. It is said that, under such circumstances, and in view of the provisions of Section 988 of the Revised Statutes, prosecution may be maintained in either the Parish of East Baton Rouge or Orleans at the option of the State.

■ In discussing the offense of embezzlement in State v. Smith, supra, we stated: "It can be said, however, that, generally speaking, embezzlement is a fraudulent and felonious appropriation of another's property by the person to whom it has been entrusted or into whose hands it has lawfully come. The gist of the offense is a breach of trust. The essence of the offense is the conversion of the property. In other words, the crime of embezzlement cannot be committed until the owner has been deprived of his property by its conversion to the use of the person to whom it has been entrusted."

■ The venue of the crime of embezzlement is at the place where the money or property was converted to the defendant's use. However, in view of the difficulty of stating with exactness (in some cases) the place where the felonious conversion occurred, the courts have estab-

lished certain legal presumptions which, if not rebutted by other evidence, suffice to vest jurisdiction in a particular court Thus, it will be presumed that the illegal conversion was accomplished in the jurisdiction of the court where the money was entrusted to the accused or at the place at which an accounting is to be made or at the site of the public office in cases involving public officers. State v. Reonnals, 14 La.Ann. 278, State v. Sullivan, 49 La. Ann. 197, 21 So. 688, 62 Am.St.Rep. 644, and State v. Smith, supra. But these presumptions can be indulged in only in the absence of proof showing that the conversion of the monies took place within another jurisdiction—for, inasmuch as the essence of the unlawful offense is a conversion of the entrusted property, the parish in which the conversion took place determines the court's jurisdiction. See Clark and Marshall on Crime, page 760; State v. Smith, supra.

■ Applying these principles to the facts in the case at bar, it is clear to us that the embezzlement charged against the relators was committed, if at all, in the Parish of East Baton Rouge at the time the checks for $37.50, which were drawn on the City National Bank of Baton Rouge, were presented to that bank for payment and were honored by the bank. Such is the holding in State v. Smith, supra, which cannot be successfully differentiated from the instant matter. In the Smith case, Smith, Hart and others were charged with embezzling monies belonging to Louisiana State University and Agricultural and

Mechanical College. The agreed statement of facts exhibited that Smith was the President of Louisiana State University, which is situated in the Parish of East Baton Rouge and that he was a resident of that parish; that the money charged to have been embezzled was entrusted to him in the Parish of East Baton Rouge; that the money was to have been accounted for by Smith in East Baton Rouge Parish; that his office was in East Baton Rouge Parish; that the depository of the money of the university was the City National Bank of Baton Rouge located and domiciled in East Baton Rouge Parish; that the check for $75,000 was drawn by Smith in East Baton Rouge Parish and was given to Hart in that parish; that Hart brought the check to New Orleans and cashed it in the Parish of Orleans at the Whitney National Bank; that the Whitney National Bank, after cashing the check, sent it to the City National Bank of Baton Rouge for collection and that the City National Bank of Baton Rouge, upon being presented with the check at its office in Baton Rouge, honored and paid over to the Whitney Bank the amount of the check. Under these circumstances, we held that, if the crime of embezzlement was committed, it occurred solely in East Baton Rouge Parish because the monies of Louisiana State University were not converted until the City National Bank of Baton Rouge honored the check and paid out the funds of the university. In resolving thus, we stated: " * * * and the university was never deprived of its property or its control over the money until the check was paid by the City National Bank in Baton Rouge and the university's account debited for the amount thereof."

The circumstances in this case present an exact parallel. The money alleged to have been embezzled from the Department of Labor was not converted when Cason was entrusted with the money in his official position as Commissioner of Labor nor when he put Rieth, Sardenga and Vlahakis on the pay roll of the Department nor when he drew checks payable to their order which were sent to New Orleans and were cashed in New Orleans by Rieth, Sardenga and Vlahakis. The conversion took place and the crime was committed, if at all, in the Parish of East Baton Rouge when the checks payable to Rieth, Sardenga and Vlahakis were presented for payment at the City National Bank of Baton Rouge and were honored by that bank.

In the written reasons given by the district judge for his refusal to sustain the relators' plea, he expresses the view that the relators were charged with a conspiracy to commit embezzlement and that, therefore, an indictment for the offense could be maintained in any parish where an overt act was committed. But relators are not charged with conspiracy. And, even if they were, a conspiracy to commit embezzlement is not an offense denounced by the statutes of Louisiana. See Sections 837, 838 and 839 of the Code of Criminal Procedure and Act No. 8 of 1870, Extra Session, which make it unlaw-

ful to conspire to commit certain crimes. See, also, State v. Smith, supra.

. The District Attorney, in contending that the case at bar is distinguishable from State v. Smith, would have us hold that the matter is similar to, and should be controlled by, the decision in State v. Matheny, 194 La. 198, 193 So. 587. The authority relied upon bears no resemblance to this case. In that matter, Matheny was charged with permitting his name to be carried as an employee on the pay roll of the State Board of Health and receiving salary for services not actually rendered. In other words, he was accused of being a "deadhead" on the public pay-roll. It was held that the offense was committed in the Parish where the defendant received and cashed his pay checks for the services not rendered. Albeit, the relators in this case are not charged with the offense of "deadheading" but with embezzlement. The fact that the money which they are supposed to have embezzled was paid to Rieth, Sardenga and Vlahakis, who were allegedly "deadheads", cannot be regarded as having the effect of altering the substance of the crime charged against them or of changing the venue of the offense.

■ Alternatively, the District Attorney postulates that, even though the crime charged against the relators was not wholly committed in the Parish of Orleans, a part of the offense was perpetrated in that parish and that, therefore, under the provisions of Section 988 of the Revised Statutes of 1870, the prosecution may be maintained there. The pertinent part of the statute depended upon provides: "When any crime or misdemeanor shall * * * be begun in one parish and completed in another, it may be dealt with, inquired of, tried, determined and punished in either of the parishes in the same manner as if it had been actually and wholly committed therein."

The statute is without application to the crime charged against the relators. There is nothing contained in the indictment or in the statement of facts which would warrant the conclusion that the offense charged was a continuing one or that it was begun in one parish and completed in another. On the contrary, the embezzlement was committed, if at all, by Cason wholly within the Parish of East Baton Rouge. He was employed as Commissioner of Labor in East Baton Rouge; the funds were entrusted to. him in that parish and they were converted by him there. His act in issuing and sending checks payable to alleged "deadheads" residing in Orleans Parish, who cashed the checks in that parish, has no bearing whatever in determining the place where the alleged embezzlement was commenced or where it was consummated.

For the reasons assigned, it is ordered that a peremptory writ of prohibition issue herein directed to the Judge of Section "E" of the Criminal District Court in and for the Parish of Orleans prohibiting further proceedings in the prosecutions complained of and that the defendants, Shirley G. Wimberly and B. W. Cason, be discharged.