67 So.2d 64

## COLE v. STATE.

### 4 Div. 229.

Court of Appeals of Alabama.

June 2, 1953.

Rehearing Denied June 16, 1953.

Baldwin & Baldwin, Andalusia, for appellant.

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

234

Mr. Ingram testified that he executed the check described in the indictment and gave it to the appellant in Escambia County in payment for seed he purchased from the Andalusia Seed Company.

The check, together with the endorsement on the back thereof, was received in evidence as a State exhibit. The endorsement was by a rubber stamp bearing the legend "Andalusia Seed Company," together with the signature of the defendant written underneath the rubber stamp endorsement. The exhibit further shows that the check was deposited in the First National Bank of Birmingham.

Mr. Rabren and Miss Mary Wishum, who had worked as bookkeeper for the Andalusia Seed Company for nine years, testified that there was only one rubber stamp bearing the legend "Andalusia Seed Company," and that this stamp was kept in the office in Andalusia. Miss Wishum further testified that she used the stamp every day, or practically every day, and that she never missed the stamp during the time appellant was employed.

HARWOOD, Judge.

The indictment in this case, omitting the formal parts, charged that this appellant "being a clerk, agent, or employee of A. A. Rabren did embezzle—a check of the value of $184.25." The indictment further set out the check which was executed by O. W. Ingram on 4–24–1951, drawn on the Escambia County Bank, and made payable to the Andalusia Seed Company.

For the State Mr. A. A. Rabren testified that he was the owner of the Andalusia Seed Company in Andalusia, Covington County. In 1951 he employed the appellant to work as a road salesman. Mr. Rabren assigned the appellant a territory, and appellant's duties were to sell and deliver stocks of seed on a commission. According to Mr. Rabren appellant's commission was to be one-half of the profits after the seed selling season was over.

The appellant had authority to make collections by check and cash, but did not have authority to endorse the checks collected.

Dr. C. E. Rehling, State Toxicologist, who qualified as an expert in the examination of questioned documents, testified that he had examined the rubber stamp endorsement on the check, and the rubber stamp of the Andalusia Seed Company mentioned in the testimony of Mr. Rabren and Miss Wishum, and in his opinion the endorsement had been made by that stamp.

The appellant objected to the testimony of Dr. Rehling on the grounds that the check and the stamp were not connected with this appellant. This objection was properly overruled. Mr. Ingram had testified that he had given the check to the appellant. It bore a rubber stamp endorsement when negotiated at the bank in Birmingham. The check was thus directly connected with the appellant, and by inference so was the stamp.

At the conclusion of the State's case the appellant made a motion to exclude the evidence on the grounds that (1) the State had failed to introduce evidence tending to

show that the appellant was the clerk, agent or employee of A. A. Rabren, and (2) that the State had failed to prove venue in Covington County.

As to ground 1 above, we think the testimony of Mr. Rabren as to appellant's employment was ample in its tendencies establishing that appellant was an agent or employee of Rabren as alleged in the indictment. The fact that he was to receive as compensation one-half of the profits at the end of the season does not alter this status.

As to ground 2, above, counsel for appellant argue that the evidence presented by the State tends to show only that the check was received by appellant in Escambia County, and cashed in Jefferson County, and fails to show that appellant ever had the check in Covington County, or that he ever did anything in Covington County tending to convert the check to his own use.

This argument we think overlooks the reasonable inferences deducible from the State's evidence to the effect that the check in question was given to this appellant, and cashed by him after having been endorsed by a stamp which, so far as known to Mr. Rabren and Miss Wishum, had never been out of the offce in Andalusia in Covington County, and which stamp was used by Miss Wishum every day, or practically every day. At this stage of the trial it was certainly a reasonable inference that the check was endorsed by stamping in Covington County.

The check being payable to the Andalusia Seed Company, the purported endorsement by the payee was essential to its negotiation, and a very essential part of any effort to segregate the check by any would be embezzler. Such act of unauthorized endorsement gives rise to a clear inference of intent to deprive the owner of the check, an essential element of the crime of embezzlement.

Section 94, Title 15, Code of Alabama 1940 provides:

"When an offense is committed partly in one county and partly in another, or the acts, or effects thereof, constituting, or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county."

The reasonable inference being, at this stage of the trial, that a part of the act necessary to the consummation of the offense charged, i. e., the unauthorized endorsement, was committed in Covington, and the court properly overruled appellant's motion to exclude the evidence because of lack of proof of venue.

Further, the evidence shows that under the contract of employment appellant was to account at the office in Andalusia. This duty pressed upon him whether he was in or out of Covington County. The contract by which the fiduciary relationship and the duty to account are created must be looked upon as being as essential a constituent of the offense as is the actual conversion. Under this view, and we think it sound, it would be unimportant whether the check was endorsed in or out of Covington County. Adopting this view, the following cases, involving a failure to account, held that venue, in embezzlement, was properly in the county where the accused was under obligation to account: Hopkins v. State, 1906, 52 Fla. 39, 42 So. 52; People v. Davis, 1915, 269 Ill. 256, 110 N.E. 9; Kossakowski v. People, 1899, 177 Ill. 563, 53 N.E. 115; State v. Hengen, 1898, 106 Iowa 711, 77 N.W. 453; State v. Maxwell, 1901, 113 Iowa 369, 85 N.W. 613; State v. Bailey, 1893, 50 Ohio St. 636, 36 N.E. 233; United States v. Reyes, 1902, 1 Philippine, 249 (crime of estafa); Dix v. State, 1895, 89 Wis. 250, 61 N.W. 760; Rex v. Taylor, 1803, 3 Bos. & P. 596, 127 Eng.Reprint, 322, 2 Leach, C.L. 974, Russ. & R.C.C. 63; Reg. v. Rogers, 1877, L.R. 3 Q.B.Div. 28, 14 Cox, C.C 22, 47 L.J.Mag.Cas.N.S. 11, 37 L.T.N.S. 473, 26 Week.Rep. 61, 3 Am.Crim.Rep. 503; Reg. v. Murdock, 1851, 5 Cox, C.C. (Eng.) 360, 2 Den.C.C. 298, 16 Jur. 19, Temple & M. 604, 21 L.J.Mag.Cas.N.S. 22. See also L.R.A., 1918E, annotation beginning on page 747.

As a witness in his own behalf the appellant testified that he had received the check in question in Escambia County, and had endorsed the same and deposited it to his own account in a bank in Birmingham. He maintained that there was more than one rubber endorsing stamp in the office and that he had possession of one and carried it with him, and that the check in question had never been taken by him into Covington County.

The appellant further testified that he had no drawing account, had paid his own expenses, and had received less than $100 from his connection with Mr. Rabren.

■ The record also shows that counsel for appellant reserved exceptions to several portions of the court's oral charge. In each instance where this was done the court excluded that portion of the charge excepted to. Such action disposed of the exceptions, in the absence of request on the part of the attorney for more specific action, it being presumed that the attorney was satisfied with the manner in which the exclusion was made.

Affirmed.

On Rehearing.

HARWOOD, Judge.

In his brief in support of his application for rehearing counsel for appellant asserts we were in error in stating that in each instance where an exception was noted to a portion of the court's oral charge such portion excepted to was excluded by the trial court.

■ Counsel insists that one such portion was not excluded.

In this connection the record shows the following:

"Mr. Baldwin: The defendant further excepts to that portion of the court's oral charge wherein the court said, in substance, in other words if he embezzled this money and part of the act was in this county it does not make any difference where the act was completed.

"The defendant further excepts to that portion of the court's oral charge wherein the court said, in substance, I charge you as a matter of law that if the defendant without authority took the rubber stamp out of this county and used it in another county, during which time he had the intent to fraudulently convert, that is an act of embezzlement for which he can be convicted in this county.

"The Court: I don't remember that I said it just exactly like that, but if I said it like that I will exclude it."

■ It was our view that the court's remarks related to both paragraphs. Certainly it cannot be determined from the state of the record that it should be considered as relating to only the last paragraph. The burden is upon the appellant to show error. When the record upon which error is claimed is ambiguous this burden has not been met.

■ This aside, the entire statement of the lower court, of which the first paragraph above constitutes a part reads as follows:

"All right, gentlemen, it comes down to this, the defendant in this case says that if there is any violation of the law it was not in Covington County, and therefore he cannot be prosecuted in this county. I charge you as a matter of law, gentlemen, that the offense must take place in this county before he can be convicted in this county, but when I use the word offense I do not mean the entire transaction has to take place in this county. I mean this, that some act forming a part of the alleged embezzlement must take place in this county, and if it was completed somewhere else—in other words, if he embezzled this money, part of it or one of the acts started in this county and he had the intent at the time, then it wouldn't make any difference, gentlemen, if it was completed in some other county. He could be convicted in this county."

The above represents a correct statement of the law applicable to this case. Section

94, Title 15, Code of Alabama 1940, supra. Therefore, according full weight to counsel's contention his point is without merit.

Application overruled.