PEOPLE v MULDER

Docket No. 97883. Submitted January 14, 1988, at Grand Rapids. Decided March 8, 1988.

Kim Mulder was charged with and convicted of embezzlement, Ottawa Circuit Court, Calvin L. Bosman, J. Defendant appealed, alleging that the evidence showed that he was not legally entitled to possession of the money when he converted it to his own use and, thus, his conduct did not constitute embezzlement. He further alleged that venue was improper.

The Court of Appeals *held:*

1. The evidence showed that defendant made himself appear to be entitled to possession of the money he appropriated. Where one obtains possession of money or property by virtue of his apparent status as agent, servant, bailee or other fiduciary position, and wrongfully converts it to his own use, he will be estopped from asserting, as a defense to a charge of embezzlement, the fact that he did not legally occupy the requisite status, and thus was guilty of larceny and not embezzlement.

2. In all prosecutions for the crime of embezzlement said offense may be prosecuted either in the jurisdiction in which the property is received by the person charged or the jurisdiction in which it was the duty of such person to deliver or return said property. Defendant was charged in the county in which the money was to be returned. Venue was proper.

Affirmed.

1. EMBEZZLEMENT — STATUS — APPARENT STATUS — ESTOPPEL.

Where one obtains possession of money or property by virtue of his apparent status as agent, servant, bailee or other fiduciary position, and wrongfully converts it to his own use, he will be estopped from asserting, as a defense to a charge of embezzlement, the fact that he did not legally occupy the requisite status and thus was guilty of larceny and not embezzlement.

REFERENCES

Am Jur 2d, Embezzlement §§ 2, 3, 59.

Where is embezzlement committed for purposes of territorial jurisdiction or venue. 80 ALR3d 514.

2. EMBEZZLEMENT — VENUE.
   In all prosecutions for the crime of embezzlement said offense may be prosecuted either in the jurisdiction in which the property is received by the person charged or the jurisdiction in which it was the duty of such person to deliver or return said property (MCL 762.10; MSA 28.853).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Wesley J. Nykamp,* Prosecuting Attorney, and *Gregory J. Babbitt,* Assistant Prosecuting Attorney, for the people.

*Joseph C. Legatz,* for defendant on appeal.

Before: G. R. McDONALD, P.J., and DOCTOROFF and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant appeals as of right from his jury trial conviction of embezzlement. MCL 750.174; MSA 28.371. We affirm.

On appeal defendant claims he was improperly bound over on the charge of embezzlement either because the prosecution failed to prove proper venue or because there were insufficient facts presented at the preliminary examination to support a charge of embezzlement.

The preliminary examination testimony indicates that Gretchen Englehart owned a business known as Oak Concepts, which employed defendant as a full-time commissioned salesman. The business encompassed the purchase of furniture from manufacturers for resale to retailers. The idea for the business had come from defendant.

Shortly after the business started, defendant told Englehart that he knew a man, Don Lyons, who would make entertainment centers for Oak Concepts. Englehart refused to advance money for

* Former circuit judge, sitting on the Court of Appeals by assignment.

the entertainment centers without first meeting Lyons and seeing a completed unit. Defendant in fact did not know a person by the name of Don Lyons.

Approximately one week later defendant arranged for Englehart to meet with Ron Bateman regarding the building of entertainment centers. Bateman, who owned The Woodworks, located in Grand Rapids, had previously worked for defendant in defendant's cabinetmaking shop. Prior to the meeting, defendant told Bateman that he "was in with a couple new partners" and that they might have some work for him.

Englehart, her husband, John, and defendant met with Bateman. A few days later Englehart entered into an agreement with Bateman for the construction of fifty entertainment centers for a cost of $8,750. Englehart gave Bateman a check for this amount. A few days later defendant approached Bateman and told him that there might be a change in plans. The next day he told Bateman that another manufacturer was going to build the entertainment centers for less money and that defendant would need the money back for a down payment to the other manufacturer. Bateman, believing defendant to be Englehart's partner, obtained a cashiers check for $5,000 and gave it to defendant. A few hours later defendant returned and requested another $1,250 back. Bateman gave defendant a business check for this amount. Bateman retained $2,500 per an agreement with defendant to stain the units defendant was allegedly purchasing from another manufacturer. However, those units were never delivered to Bateman.

Defendant used the money received from Bateman to pay off personal debts and up until the time of the preliminary examination had not acquired the entertainment centers for Englehart.

MCL 750.174; MSA 28.371 provides in part:

> Any person who as the agent, servant or employee of another, or as the trustee, bailee or custodian of the property of another . . . or private corporation . . . shall fraudulently dispose of or convert to his own use, or take or secrete with intent to convert to his own use without the consent of his principal any money or other personal property of his principal which shall have come to his possession or shall be under his charge or control by virtue of his being such agent, servant, employee, trustee, bailee or custodian, . . . shall be guilty of . . . embezzlement.

Defendant claims that he was improperly bound over on charges of embezzlement as he was not in legal possession of the money at the time he converted the same to his own use as required by *People v Bergman,* 246 Mich 68; 224 NW 375 (1929). Thus, defendant contends that, although he may have committed a larceny by false pretense, his conduct did not constitute embezzlement. We disagree.

In *People v Burns,* 242 Mich 345; 218 NW 704 (1928), defendant was convicted of embezzlement. On appeal he contended that because the law did not require him to handle any monies he could not be guilty of embezzlement. The Supreme Court disagreed saying:

> It is said by counsel for the defendant that the law never contemplated that probation officers should receive checks and deliver them to mothers pensioners. Conceding the correctness of counsel's contention, the fact remains that he did receive checks and did so as probation officer. Whether he was legally authorized to handle and disburse this money is not controlling. He consented to handle it as probation officer, and, if he has embezzled it,

he is in no position to say that he had no legal right to its possession. [*Burns, supra,* p 348.]

In the instant case defendant came into possession of the money by virtue of his employment with Oak Concepts. As in *Burns,* whether he was legally authorized to handle the money is not controlling. He did handle it and thereafter embezzled it. It is said:

> [W]here one obtains possession of money or property by virtue of his *apparent* status as agent, servant, bailee or other fiduciary position, and wrongfully converts it to his own use, he will be estopped from asserting, as a defense to a charge of embezzlement, the fact that he did not *legally* occupy the requisite status, and thus was guilty of larceny and not embezzlement. [Emphasis unchanged. 26 Am Jur 2d, Embezzlement, § 3, p 552.]

In this case defendant came into possession of the money by his apparent status as a partner with Englehart. Although he may not have legally been authorized to take possession of the money, he did so and, as an agent for Oak Concepts, was required to return the money to the company. Instead he used it for his own personal needs. Defendant is estopped from claiming he was not legally in possession of the money, and therefore the magistrate did not abuse his discretion in binding defendant over on the charge of embezzlement.

Defendant also claims that venue was improper as the check was obtained and converted in Kent County and the case was tried in Ottawa County.

However, MCL 762.10; MSA 28.853 is a special venue statute for the offense of embezzlement. The statute states:

> In all prosecutions for the crime of embezzlement said offense may be prosecuted *either* in the jurisdiction in which the property is received by the person charged *or the jurisdiction in which it was the duty of such person to deliver, re-deliver or return said property.* [Emphasis added.]

There is no dispute that defendant received the money in Kent County. However, the statute provides two proper places of venue. The second statutory place of venue is the jurisdiction where the money should have been returned, which is Ottawa County. We find no error.

Affirmed.