837 So.2d 1195 (2003)
STATE of Louisiana
v.
Jessie HAYES.
No. 2001-KK-3193.
Supreme Court of Louisiana.
January 28, 2003.
*1196 Richard P. Ieyoub, Attorney General, Robert R. Bryant, District Attorney, Frederick W. Frey, Lake Charles, Carla S. Sigler, Baton Rouge, Counsel for Applicant.
Margaret S. Sollars, Thibodaux, Counsel for Respondent.
PER CURIAM.
The decision of the Third Circuit, which reversed the trial court's denial of defendant's motion to quash the information based on improper venue, is vacated and this case is remanded to the district court for further proceedings. Venue in this prosecution for felony theft in violation of La.R.S. 14:67 is proper in Calcasieu Parish, although it is unclear at this pretrial stage of the proceedings where the alleged acts of conversion took place with the intent to deprive the victim permanently of its property, and money owed to it under a contract for services rendered in Lafourche Parish.
In August 2000, defendant was employed by Lake Charles Diesel, a company that sells and services diesel engines. The company is located in Calcasieu Parish. Outfitted with company equipment, tools, and uniforms, defendant was dispatched to repair a vessel engine in Lafourche Parish, pursuant to a contract entered via facsimile transmissions to and from Lafourche and Calcasieu Parishes. Under that contract, Lake Charles Diesel incurred substantial expenses in purchasing various parts for the repairs from several locations and shipping them to respondent via a branch store operated by Louisiana Machinery in Lafourche Parish. According to the testimony of Art Cooley, owner of Lake Charles Diesel, at the hearing on the motion to quash, defendant thereafter reported that he had received a cashier's check from the owner of the vessel in the amount of $15,000, "[a]nd we told him to go ahead and bring it in." On the following day, Cooley testified, defendant reported that the check had been stolen from his truck, and "that's the last time we heard from him." Defendant thus never returned to Lake Charles Diesel to give details surrounding the incident, or to return its equipment and uniforms. The state informed this Court during oral argument that, in fact, the cashier's check never existed. Allegedly at respondent's insistence, the owner of the vessel obtained $15,000 in cash from a bank in Lafayette, Louisiana, and gave the currency to respondent in return for a receipt, although that amount fell far short of the negotiated contract price of $24,000.
The state initially charged respondent with theft of currency valued over $500, in violation of La. R.S. 14:67(A), on the basis of the missing $15,000 in cash. Defendant moved to quash the information based on improper venue, claiming that the alleged criminal activities could have occurred only in Lafourche Parish, not Calcasieu Parish. Thereafter, the state amended the bill of information to allege within a single count the theft of various items specified as assorted diesel parts and 11 sets of uniforms belonging to Lake Charles Diesel. During oral argument, the state at first maintained that with its amendment of the bill of information it had abandoned any claim with respect to the $15,000 in cash and focused its prosecution on the missing diesel parts and uniforms. However, the state retracted that statement later in argument and made clear to this Court that the allegations with respect to the missing $15,000 in cash still form part of its prosecution against respondent. According to the state's theory of the case, the taking of diesel parts and uniforms formed elements of a larger design by respondent, conceived in Calcasieu Parish, which then culminated in his conversion of the $15,000 in cash tendered by the vessel owner in Lafourche Parish. At the close of the hearing on the motion to quash, the trial *1197 court ruled that venue for the case was proper in Calcasieu Parish.
Respondent sought review of that ruling, and the Third Circuit reversed and ordered that the motion to quash be granted. With respect to the allegations added in the amended bill of information, the court of appeal reasoned that "[a]lthough the defendant allegedly took tools and uniforms in Calcasieu Parish, the State failed to show the Defendant had formed the intent to permanently deprive his employer of the items at the time of the taking." State v. Hayes, 01-01359 (La.App. 3rd Cir.10/19/01), ___ So.2d ___. With respect to the missing cash, the court of appeal also reasoned that "the State did not prove the Defendant was in Calcasieu Parish when he formed the requisite intent to permanently deprive his employer of the $15,000.00 which he received as payment from a customer in LaFourche Parish." Id.
The court of appeal erred in both respects. The locus delicti of a crime "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cabrales, 524 U.S. 1, 6-7, 118 S.Ct. 1772, 1776, 141 L.Ed.2d 1 (1998). In Louisiana, the crime of theft is broadly defined in La.R.S. 14:67(A) as "the misappropriation or taking of anything of value, which belong to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations." An intent to deprive the victim permanently of "whatever may be the subject of the misappropriation or taking is essential." The statute combines the common law crime of larceny with the offense of embezzlement. See La.R.S. 14:67 Rptr.'s Cmt. ("One of the most important single changes made by the `theft' section is the combination of what was `larceny' and what was `embezzlement.' This was accomplished by the elimination of the element of common law larceny known as `a trespass in the taking,' or `taking out of the owner's possession.' "). The crime of embezzlement "is a fraudulent and felonious appropriation of another's property by the person to whom it has been entrusted or into whose hands it has lawfully come. The gist of the offense is a breach of trust. The essence of the offense is the conversion of the property." State v. Smith, 194 La. 1015, 195 So. 523, 525 (1940); see also Clark & Marshall, A Treatise on the Law of Crimes, § 12.19, p. 903 (7th ed. 1967) ("It is an essential element of embezzlement that the property charged to be embezzled was lawfully in the accused's possession by fiduciary relation with the owner. Embezzlement differs from larceny in that the original taking is lawful. The gravamen of the offense is the subsequent felonious conversion of the property with the intent to convert it to the accused's own use." (internal quotation marks and citation omitted)).
In the present case, we agree with the court of appeal that at the hearing on the motion to quash the state did not offer any evidentiary basis for inferring that respondent formed his intent to deprive Lake Charles Diesel of its equipment, uniforms, and cash to be paid under the contract with the vessel owner in Lafourche Parish even before he left Calcasieu Parish on the job. However, the crime of theft charged against the defendant is in the nature of an embezzlement offense. The state alleges that by virtue of his employment relationship with Lake Charles Diesel, the defendant took possession of the company's diesel parts and uniforms, and of $15,000 in cash intended for the account of the company located in Calcasieu Parish under contract for the repair of a vessel in Lafourche Parish, and then feloniously converted those things of value to his own use with the intent to deprive Lake Charles Diesel of them permanently. The court of *1198 appeal therefore erred in finding that venue in Calcasieu Parish improper because the state could not prove at the hearing on the motion to quash that the taking and the felonious conversion coincided. In the offense of embezzlement, the felonious conversion or misappropriation takes place after the lawful receipt of the goods or property by the accused in the course of a fiduciary relationship with the victim that he then breaches in the act of conversion. The intent to deprive the owner of his property permanently therefore need not coincide with the actual taking.
With respect to the missing diesel parts and uniforms belonging to Lake Charles Diesel, La.C.Cr.P. art. 611 specifically provides that "[i]f acts constituting an offense ... occurred in more than one place ... the offense is deemed to have been committed in any parish in this state in which any such act or element occurred." The state established at the hearing that the defendant took possession of the diesel parts and uniforms at Lake Charles Diesel in Calcasieu Parish, and, while he may have formed the intent to convert them to his own use subsequently in Lafourche Parish, venue in Calcasieu Parish is therefore proper. State v. Wells, 195 La. 758, 197 So. 420, 422 (1940) ("In a case of embezzlement of property received in trust in the parish in which it is to be returned, but disposed of in another parish, the venue is in the parish in which the property was to be returned.") (citations omitted).
With respect to the missing cash, while the state did not prove at the hearing that the defendant converted the $15,000 to his own use in Calcasieu Parish, or formed the intent to do so, it established that Lake Charles Diesel had imposed upon him specifically the duty to return to the company in Lake Charles Parish with the payment for the repairs to the vessel in Lafourche Parish, ostensibly with a cashier's check in the amount of $15,000. In similar circumstances, some jurisdictions have adopted a specific statutory rule in cases of embezzlement providing for venue in the county or jurisdiction in which the defendant had the duty to deliver the property. See, e.g., People v. Mulder, 167 Mich.App. 141, 421 N.W.2d 605, 607 (1988)("In all prosecutions for the crime of embezzlement said offense may be prosecuted either in the jurisdiction in which the property is received by the person charged or the jurisdiction in which it was the duty of such person to deliver, re-deliver or return said property.")(quoting Mich. Comp. Laws § 762.10 (1979); Mich. Stat. Ann. § 28.853 (1985)). Other jurisdictions follow this rule as a matter of jurisprudence. See, e.g., Cole v. State, 37 Ala.App. 232, 67 So.2d 64, 67 (1953)(Venue in embezzlement "was properly in the county where the accused was under obligation to account."); State v. Knight, 616 S.W.2d 593, 595 (Tenn.1981)("The conversion may just as reasonably be viewed as having occurred [in the county of prosecution], since appellant allegedly failed to account there for the funds which he had received [by virtue of his employment]."); see Herbert B. Chermside, Jr., Where is Embezzlement Committed for Purposes of Territorial Jurisdiction or Venue, 80 A.L.R.3rd 514. Louisiana is one such jurisdiction. See State v. Cason, 198 La. 828, 5 So.2d 121, 123 (1941)(in the absence of proof where the act of conversion occurred, "it will be presumed that the illegal conversion was accomplished in the jurisdiction of the court where the money was entrusted to the accused or at the place at which an accounting is to be made....")
Moreover, even if the evidence at the hearing had established to a probability that the defendant converted the $15,000 in cash in Lafourche Parish, where he resides, we would still be inclined to *1199 find venue for the present prosecution in Calcasieu Parish. Although the "essence of the unlawful offense [of embezzlement] is a conversion of the entrusted property," and ordinarily "the parish in which the conversion took place determines the court's jurisdiction," Cason, 5 So.2d at 123, the place where the effect of the criminal conduct occurs is an important consideration in determining whether the charged criminal acts have substantial contacts with the venue chosen for prosecution. See United States v. Saavedra, 223 F.3d 85, 93 (2nd Cir.2000); United States v. Muench, 153 F.3d 1298, 1304 (11th Cir. 1998). In the present case, the force of the defendant's alleged criminal acts is felt nowhere else than in Calcasieu Parish, where Lake Charles Diesel has lost not only its parts and uniforms, but also the steeply discounted payment made by the vessel owner in Lafourche Parish to respondent on the original contract. Calcasieu Parish is therefore the appropriate venue for the state in which to prosecute this particular crime against the property interests of its citizens.
DECISION OF THE THIRD CIRCUIT REVERSED; RULING OF THE TRIAL COURT DENYING THE MOTION TO QUASH REINSTATED; CASE REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.
WEIMER, J., dissents and assigns reasons.
WEIMER, J., dissenting.
I respectfully dissent from the majority opinion of this court. A review of the record in this matter discloses that there was no evidence offered to establish that any acts constituting the charged offense or any elements of the charged offense occurred in Calcasieu Parish so as to make venue of the prosecution proper under La.C.Cr.P. art. 611. In fact, the majority concedes that "the state did not offer any evidentiary basis for inferring that respondent formed his intent to deprive Lake Charles Diesel of its equipment, uniforms, and cash to be paid under the contract with the vessel owner ... before he left Calcasieu Parish on the job." Nevertheless, the majority theorizes that the offense charged "is in the nature of an embezzlement" and that venue for this "embezzlement offense" is proper in Calcasieu Parish because that is where the diesel parts, the uniforms, and the $15,000 were presumably to be returned, citing State v. Cason, 198 La. 828, 5 So.2d 121 (1941).
Cason, supra, makes clear that "the essence of the unlawful offense [of embezzlement] is a conversion of the entrusted property" and that "[t]he venue of the crime of embezzlement is at the place where the money or property was converted to the defendant's use." Cason, 5 So.2d at 123. As the Cason court explains:
[I]n view of the difficulty of stating with exactness (in some cases) the place where the felonious conversion occurred, the courts have established certain legal presumptions which, if not rebutted by other evidence, suffice to vest jurisdiction in a particular court. Thus, it will be presumed that the illegal conversion was accomplished in the jurisdiction of the court where the money was entrusted to the accused or at the place at which an accounting is to be made or at the site of the public office in cases involving public officers. But these presumptions can be indulged in only in the absence of proof showing that the conversions of the monies took place within another jurisdiction.
Cason, 5 So.2d at 123 (citations omitted).
In the instant case, the majority concludes that "it is unclear at this pretrial stage of the proceedings where the alleged *1200 acts of conversion took place with the intent to deprive the victim permanently of its property," and therefore applies the jurisprudential presumption to find that venue is proper in Calcasieu Parish.
However, if the record in this matter is "unclear," a proposition to which I do not necessarily ascribe, that lack of clarity is entirely attributable to the State, which persisted in changing its theory of the prosecution even through oral argument of this matter.[1] In my view, the testimony adduced at the defendant's motion to quash the information is not as "unclear" as the majority finds it. That testimony establishes that the diesel parts the defendant is accused of converting were delivered to the defendant in Lafourche Parish. The $15,000 was likewise entrusted to the defendant in Lafourche Parish. In fact, Barry Boshart, the employee who managed the job for Lake Charles Diesel, was unable to identify any property of Lake Charles Diesel with which defendant departed Calcasieu Parish for Lafourche Parish.[2] Moreover, the testimony suggests that defendant was in Lafourche Parish the entire time the contract for the repair work was being negotiated, having been dispatched to that location to investigate the job and determine what would be required to complete the work. In short, and contrary to the majority's conclusion, the evidence indicates that all of the alleged acts of conversion occurred in Lafourche Parish where the defendant was dispatched to evaluate and ultimately perform the repair work and from which location he never returned. The presumption invoked by the majority is simply not justified by the record below. Further, these "presumptions can be indulged only in the absence of proof showing the conversions of the monies took place within another jurisdiction." Cason, supra. The record establishes all acts and elements of the offense occurred in Lafourche.
Moreover, the "embezzlement" theory of the offense adopted by the majority for the purpose of finding venue was not advanced by the State, which was content to argue that venue was proper in Calcasieu Parish because the defendant "concocted the scheme to permanently deprive Lake Charles Diesel of its property [there] whenever he was notified that he would receive the job [in Lafourche]." Of course, as the majority concedes, the State offered absolutely no evidence to establish this intent at the motion to quash hearing. Accordingly, in order to prevail below the defendant was only required to point out the lack of evidentiary basis for the State's *1201 argument. The majority's adoption of the "embezzlement" theory, without affording the defendant an opportunity to address this issue, which was not raised, briefed, or argued below, is unfair and unduly prejudicial. Neither the State, the trial court, the court of appeal, nor the defendant ever considered the embezzlement theory.
Because the State failed in its burden of establishing that any acts constituting the charged offense or any elements of the charged offense occurred in Calcasieu Parish so as to make venue proper in that parish under La.C.Cr.P. art. 611, I respectfully dissent from the majority opinion in this case. Given the clear requirements of La.C.Cr.P. art. 611, by which requirements the court is constrained, the fact that the impact of the alleged theft will be felt in Calcasieu Parish is irrelevant to the present inquiry. Louisiana Code of Criminal Procedure article 611 has absolutely nothing within its language which speaks to a consideration of the impact of a crime.
At a minimum, fairness and justice demand that the defendant (who clearly was entitled to prevail at the court of appeal given the State's then prevailing theory of venue) should have an opportunity to respond to this "embezzlement theory of venue" which was neither advanced nor considered below.
NOTES
[1] At the outset of oral argument, the State threw this case into complete confusion by announcing that it would not pursue the allegation of its original bill of information that the defendant had taken $15,000 from Lake Charles Diesel and would instead concentrate on the allegation in its amended bill of information charging theft of assorted diesel parts and tools and eleven sets of uniforms. Evidently pressured by persistent questioning of the justices about the change in the theory of the prosecution, the State then announced near the close of its argument that it would not abandon its claim that the defendant had stolen from Lake Charles Diesel the $15,000 paid for repairs by the owner of the vessel located in Lafourche Parish. Then, adding one more layer of confusion, the State suggested that the diesel parts mentioned in the amended single count of theft were not parts previously owned by Lake Charles Diesel and removed from the premises by defendant as he left Calcasieu Parish for Lafourche Parish, but were parts specifically ordered by Lake Charles Diesel for the job and thereafter shipped to defendant in Lafourche Parish.
[2] The only property of Lake Charles Diesel that the evidence even remotely suggests may have been in the possession of defendant when he left Calcasieu Parish is the uniforms. However, when he left Calcasieu Parish with the uniforms, there was no evidence introduced to establish he did not have permission to possess the uniforms.