SIMON, Judge.
 

 The defendant, Lester Bloomenstiel, a member of the Pontchartrain Levee Board, 'which is domiciled in the Parish of St. James,
 
 [1]
 
 was indicted by the Grand Jury of said Parish for the crime of public bribery. The indictment was nolle prosequied by the district attorney and in lieu thereof he filed a direct bill of information charging the defendant with the same crime as denounced -by LSA-R.S. 14:118.
 

 Various motions and pleas filed by the defendant, the validity of which are not before us, were disposed of. The appellant thereupon filed a motion to quash the bill
 
 *863
 
 contending that, if the offense charged had been committed at all, none of the elements was committed or occurred within the Parish of St. James, and that under the provisions of our constitution and applicable statute, the district judge sitting within the territorial limits of St. James is without jurisdiction.
 

 This plea was submitted to the judge on a stipulation of facts made by the district attorney, wherein it is shown that no money or anything of value was offered, given, or accepted in the Parish of St. James; that the defendant did not offer or agree to accept any form of bribe, nor was there any payment or disbursement of money or anything of value made, nor any money deposited in any bank or depository in said Parish. Obviously, the district attorney admitted that no overt acts were committed or occurred in the Parish of St. James.
 

 After a consideration of the foregoing, the judge found that the charge was not cognizable in the Parish of St. James and thereupon sustained the motion to quash. From this ruling the State was granted an appeal, and which is now before us.
 

 The Bill of Information under which the prosecution was conducted reads as follows :
 

 “ * * * that one Lester Bloomenstiel late of the Parish of St. James, on the 31st day of January in the year of our Lord one thousand nine hundred and
 
 57
 
 with force and arms, in the Parish of St. James aforesaid, and within the jurisdiction of the Twenty-third Judicial District Court of the State of Louisiana, did feloniously violate [L SA-] R.S. 14:118 entitled ‘Public Bribery’ by accepting money directly or indirectly from the AAA Contracting Company with the intent that his conduct would be influenced with regard to his position and duty as a
 
 member
 
 of the Board of Commissioners of the Pontchartrain Levee District Hs *
 
 *»
 

 Public bribery may be defined generally as the voluntary giving or offering to, or the acceptance of or offer to accept directly or indirectly by any public officer, official or public employee, et cetera, anything of apparent present or prospective value, with the intent to influence such person in relation to his position, official duty or employment, or to incline him to act contrarily to known rules of honesty and integrity. LSA-R.S. 14:118. It is an offense against public justice, the gist of the crime being the wrong done to the people by corruption in the public service.
 

 It is
 
 provided by Sec-. 9 of Article 1 of our Constitution, LSA, and repeated in LSA-R.S. 15:13 “* * * that all trials shall take place in the parish in which the offense was committed, unless the venue be changed; * * * The statute, supra, further provides that “ * * * where the several acts constituting a crime shall have
 
 *865
 
 been committed in more than one parish, the offender may be tried in any parish where a substantial element of the crime has been committed.” This provision not only guarantees a defendant that he shall not be convicted in any other parish than that in which the offense was committed, but also guarantees that he shall not be tried in any other parish. State v. Hogan, 157 La. 287, 102 So. 403. Accordingly, in determining venue the inquiry is whether the crime was perpetrated within the parish where the prosecution is sought to be had.
 

 Manifestly, the stipulations made by the district attorney as above detailed are conclusive in that under our constitution and statute, supra, the Parish of St. James is without jurisdiction of the prosecution.
 

 However, it is urged on the part of the State, that the gravamen of the public bribery is the giving to or receiving by a public official anything of value coupled with the intent to influence his conduct in relation to his position, and that, accordingly, the only place where the defendant’s conduct is in relation to his position is where he could perform such official act, and not where the consideration is offered and accepted. In that respect we are called upon to observe that under LSA-R.S. 38:1317 the Pontchartrain Levee Board is a political corporation having its fixed domicile, for purposes of this suit, in the Parish of St. James. From this the State argues that the influence of the defendant’s conduct in relation to his position and his official acts by the alleged bribery would occur within said Parish. However, we must also observe that under a corresponding section of our statute in relation to said Levee Board, the time and place of its regular sessions may be designated and selected, and which may be
 
 anywhere
 
 in the district (representing all or portions of seven parishes). Hence, it is nebulous, to say the least, that the “influence” in relation to his position and his official conduct is in the Parish of St. James, solely because its domicile is declared to be within that Parish, when in fact its meetings can be called and held in any parish comprising the Levee District.
 

 While the argument of the State is rather ingenuous in that official acts of a levee board member must usually be performed in the domicile of the board, this being the venue in which the influence of his official conduct will be exercised, they possess no weight sufficient to overcome the plain provisions of the constitution and statute above referred to. The act complained of is public bribery. It is the giving to or receiving of money or anything of value, directly or indirectly, to a public official that, under the statute, constitutes the crime. The unmistakable object of the statute is to guard against the corruption of the mind of the officer by receiving a bribe, or being offered a bribe by another. Such corruption of the mind might, and most likely would, lead to official misconduct, and hence the first step is made criminal, without looking or waiting for results. This
 
 *867
 
 step, the accepting of a bribe as charged, was not committed in the Parish of St. James. This step was taken, it began and effectively completed the crime in some parish other than St. James, and without any relation to what might thereafter occur in said Parish, or in any parish comprising the Levee District.
 

 Our conclusion is that the act of bribery was completed when there was a giving and acceptance of money or a thing of value under a corrupt agreement. These acts having been committed beyond the territorial limits of the Parish of St. James, the district court in and for said Parish was without jurisdiction of the prosecution and the motion to quash was correctly sustained and the defendant discharged.
 

 Affirmed.
 

 [1]
 

 . LSA-K.S. 38:1317.