SAVOIE, Judge.
Earl Kyzar was charged by separate bills of information with two counts of public bribery, in violation of LSA-R.S. 14:118. Defendant waived his right to trial by jury and, after a bench trial, was convicted as charged.[1] For each count, he was sentenced to serve one year at hard labor and pay a fine of $1000.00. The jail terms were imposed concurrently; the fines were imposed consecutively. The prison sentences were suspended; and defendant was placed on active, supervised probation, with terms that include restitution to the Tangipahoa Police Jury. He appealed, urging sixteen assignments of error, briefing eleven in five arguments. Assignments of error not briefed on appeal are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
FACTS
At the time of the instant offenses, defendant was employed as the Superintendent of Consolidated Drainage District No. 1 of Tangipahoa Parish. The charges arose from the sale of railroad tank cars, converted for use as culverts, by Felix Amone to the Tangipahoa Police Jury. On two occasions, Amone paid defendant a total of $2500.00 from the proceeds of the culvert sales. Amone testified that the amounts he paid to defendant were arranged before *149 the sales were transacted and that he agreed to the payments because of defendant’s position with the drainage board.
Arnone was granted immunity from prosecution for his testimony. Defendant was charged with two counts of public bribery and one count of theft. In separate trials, he was acquitted of the theft charge and convicted of public bribery.
GRAND JURY TESTIMONY
By assignments of error two, four, seven and eleven, defendant submits the court erred by denying him access to the grand jury testimony of Felix Arnone, which he sought for impeachment purposes. He claims the grand jury testimony constituted Brady evidence and, therefore, was fully discoverable.
Defendant filed pretrial motions for the disclosure of all exculpatory evidence in the possession of the state, including grand jury testimony. The state also filed a motion to prohibit use of the grand jury testimony, in the event defendant’s motion for discovery was granted. The trial court granted both motions. Thereafter, the state sought review of the court’s orders granting defendant access to the grand jury testimony, and defendant sought review of the court’s order prohibiting use of grand jury testimony for impeachment purposes.
On September 19, 1984, this court vacated the trial court’s order granting defendant access to the grand jury testimony. The court’s action noted that, if the motion for disclosure of the statements was so specific that the trial court believed legitimate Brady material was involved, the court should make an in camera inspection of the statements involved and allow use within the guidelines of State v. Peters, 406 So.2d 189 (La. 1981), which requires disclosure only if the in camera inspection reveals grounds therefor.
In compliance with this order, the trial court reviewed the grand jury testimony and stated for the record that all Brady material had been divulged. Thus, the court explicitly found, that defendant was not entitled to the grand jury testimony.
Defendant does not now argue that the court erred in this determination; in fact, he does not acknowledge that the issue had been presented to this court before trial. Defendant simply argues that he is entitled to the grand jury testimony as Brady evidence. He fails to assert or demonstrate a particular need for this evidence. See State v. Trosclair, 443 So.2d 1098 (La.1983). Moreover, the grand jury testimony has been thoroughly reviewed in accordance with procedures set forth by this court, and defendant’s general claims have been found to be without substance. These assignments of error are without merit.
HEARSAY STATEMENTS
By assignment of error number three, defendant contends the trial court erred by denying his motion for the hearsay statements of Felix Arnone. He argues that he is entitled to the production of this evidence as the statements of a co-conspirator, as provided by LSA-C.Cr.P. art. 721.
Defendant filed a pretrial motion for the production of hearsay statements which was granted by the trial court. Thereafter, the state sought review of this ruling. This court vacated the trial court’s order granting disclosure, finding that defendant was not entitled to production of statements made by a party who was not a co-defendant. Inexplicably, defendant’s brief fails to mention our pretrial review of this issue.
We adhere to our previous ruling. There is a clear distinction between the state’s duty to disclose its intent to use hearsay statements of a co-conspirator and the state’s duty to produce statements of a co-defendant. Compare LSA-C.Cr.P. arts. 721, 722. Felix Arnone was not a co-defendant. This assignment of error has no merit.
RECUSAL
By assignments of error six and fifteen, defendant claims that the judge ad hoc erred by refusing to recuse himself. He *150 submits that no grounds existed for the recusal of the judges of the 21st Judicial District and that the proper procedures for the recusal of the judges were not followed.
On July 9,1985, each of the six judges of the 21st Judicial District signed an order recusing himself from this case, citing the nature of the proceedings and the involvement of the local governing body. Pursuant to this order, on August 1, 1985, the Louisiana Supreme Court appointed a judge to sit ad hoc on these and related matters.
On September 23, 1985, defendant filed a motion with the Louisiana Supreme Court in which he sought to vacate and set aside the recusation order and the order appointing the judge ad hoc. That court denied defendant’s motion. 475 So.2d 345 (La.1985) The basis of that motion, i.e., the absence of an allegation setting forth grounds for the recusal, now forms the core of defendant’s argument to this court. We will not review a claim that has been previously considered and rejected by a superior court.
Therefore, we offer no opinion on the validity of the recusation order.
SPECIAL CHARGE
By assignment of error number thirteen, defendant submits the trial court erred by denying his request for a special jury charge. Defendant requested the court charge that, “[t]he uncorroborated testimony of a [co-defendant] is not sufficient evidence to support a conviction.” The trial court refused defendant’s charge on the ground that it was not an accurate statement of law. We agree.
A jury may convict upon an accomplice’s uncorroborated testimony. State v. Mathews, 450 So.2d 644, 647 (La.1984).[2] Where, as here, defendant is tried before the bench, the same standards are applicable to the court as the trier of fact. Thus, the special charge was not an accurate statement of law and the court correctly refused to issue it.
SUFFICIENCY OF THE EVIDENCE
By assignments of error twelve, fourteen and sixteen, defendant submits the evidence is not sufficient to support the verdict. He argues that the state failed to prove that he accepted the money with the intent to influence his conduct with relation to his position, employment or duty.
Public bribery may be defined generally as the voluntary giving or offering to give, or the acceptance of or offer to accept, directly or indirectly, by any public officer, official or public employee, anything of apparent present or prospective value, with the intent to influence such person in relation to his position, official, duty or employment, or to incline him to act contrarily to known rules of honesty and integrity. LSA-R.S. 14:118; State v. Bloomenstiel, 235 La. 860, 106 So.2d 288 (La.1958). It is an offense against public justice, the gist of the crime being the wrong done to the people- by corruption in the public service. State v. Bloomenstiel, supra, 160 So.2d at 290.
Arnone testified that he paid defendant on two occasions; on one occasion, defendant came to his residence and, on the other occasion, Arnone delivered the funds to defendant’s office. Defendant does not seriously claim that he did not receive the money. Rather, he argues that even the acceptance of these “kickbacks” does not constitute the offense of public bribery because he was not an employee of the parish police jury, the agency which actually purchased the culverts. He further argues that the state failed to prove that he discussed the purchase of culverts with the police jury or that he attempted to influence the police jury to buy culverts from *151 Arnone. Essentially, defendant contends that the procurement of culverts is not a part of his duties as superintendent of the drainage board; thus, unless he influenced or attempted to influence the police jury, accepting the money does not constitute public bribery.
One of the essential elements of public bribery is a conscious, knowing intent to influence a person’s conduct. Louisiana State Bar Ass’n. v. Pitard, 462 So.2d 178, 181 (La.1985). All that the statute requires is the “intent to influence.” The inability of the public employee to return value for the bribe is immaterial. State v. Ponthier, 391 So.2d 1138, 1139 (La.1980). The action induced need not be corrupt or illegal. Extra payments to induce a public officer or employee to do what he is already legally bound to do would constitute public bribery. See Reporter’s Comment, LSA-R.S. 14:118; see also State v. Daniels, 236 La.' 998, 109 So.2d 896 (1958), reversed on other grounds, State v. Gatlin, 241 La. 321, 129 So.2d 4, 7-8 (1961).
Arnone testified that he paid defendant after defendant, in the course of arranging the sale of a culvert to the police jury, asked him “what he could make out of it.” Arnone further testified that he gave defendant the money because, “[of] the position he held with the Drainage Board. I knew Mr. Kyzar would be the person to pass on it or not. He could reject a culvert or he could not reject it.”
Defendant claims that the state’s evidence merely illustrated Arnone’s impression that payment to defendant was a requirement of future business transactions with the Tangipahoa Police Jury. He claims, however, that there is no evidence of defendant’s intent to be influenced by the payment.
Although intent is a fact, it need not be proven as a fact but can be inferred from the circumstances. LSA-R.S. 15:445. Through evidence of defendant’s solicitation of the bribe and active participation in the negotiation of his price, the state presented evidence by which the trier of fact could infer that defendant’s future conduct would be based on Arnone’s payment or refusal to pay. Whether or not defendant was actually responsible for the selection or approval of culverts is immaterial. He induced the bribes in relation to his position or employment; and he accepted the money in like manner. This assignment of error has no merit.
For the reasons stated above, we affirm the judgment of the trial court convicting defendant of public bribery in violation of LSA-R.S. 14:118 and the sentence imposed therein.
AFFIRMED.

. The record presented to this court did not contain specific waiver by defendant of his right to a trial by jury. On February 6, 1987, this court ordered the trial judge to conduct a hearing to determine whether or not the right had been waived. At this hearing, defendant testified that he had, in fact, waived his right to a jury trial. Thus, the record, as supplemented, indicates defendant waived this right.

. The only state witnesses were Arnone, his wife, and Preston Weir, custodian of the Tangi-pahoa Parish police jury records who produced the checks and invoices that corresponded to these transactions. Arnone and his wife were granted immunity; neither was charged for these offenses. Weir was not involved in the transactions. Thus, although defendant’s charge referred to the uncorroborated testimony of a co-defendant, none of the witnesses could accurately be so termed.