861 So.2d 195 (2003)
STATE of Louisiana
v.
Robert "Bob" ODOM
No. 2002 KW 2701.
Court of Appeal of Louisiana, First Circuit.
June 27, 2003.
Writ Denied October 17, 2003.
*196 Doug Moreau, District Attorney, Baton Rouge by Sandra Ribes, Assistant District Attorney, Counsel for Respondent State of Louisiana.
Mary Olive Pierson, Karl Koch, Baton Rouge, Counsel for Defendant/Applicant Robert "Bob" Odom.
Before: KUHN, DOWNING, and GAIDRY, JJ.
KUHN, J.
Relator, Robert "Bob" Odom, the Commissioner of the Louisiana Department of Agriculture and Forestry (Department), was indicted by a grand jury and charged with 21 counts of various felony offenses including public bribery, conspiracy to commit public bribery, felony theft, conspiracy to commit felony theft, extortion, malfeasance in office, maintaining false public records, money laundering and conspiracy to commit money laundering. The respondent, the State of Louisiana ("the State"), subsequently dismissed Counts 4, 5, 9, 10, 12, 13, 14, 15, 16, 17, and 21. The background and facts of the case are stated in State v. Odom, 02-2404 (La.App. 1st Cir.06/27/03), 861 So.2d 202, also decided this date. In this writ application, relator seeks review of the trial court's ruling denying his motion to quash Counts 1, 2, 6, 7, 8, and 11 based upon improper venue.
For the reasons that follow, we affirm the ruling of the trial court denying the motion to quash based upon improper venue.
Relator contends that despite the testimony of three State witnesses, the State failed to meet its burden of proving that the charged offenses or an element of the charged offenses occurred in East Baton Rouge Parish. He alleges that the prosecutors misunderstood the burden of proof and failed to establish that the charged offenses or an element of the charged offenses occurred in Baton Rouge.
Relator further argues that the bill of particulars "makes accusations of criminal conduct which clearly did not occur in the Parish of East Baton Rouge." Relator states that the conduct that is the subject of the motion to quash was specified and identified on a copy of the final bill of *197 particulars. Pursuant to his supporting memorandum, relator delineates eleven allegations in the bill of particulars about which he complains venue is improper in East Baton Rouge Parish.
As to Count 1, charging conspiracy to commit public bribery, relator lists four items which are the object of the motion to quash based upon venue: a bribe given from Tommy Roshto to relator in the form of cash and a campaign contribution check in Las Vegas in 1992, the negotiation and granting of a crawfish warehouse lease in St. Martin Parish in 1995, bribes from Roger Moore to relator (including one made in Las Vegas at the warehouse owners' meeting in 1992), and the entire list of political contributions from warehouse owners to relator from 1985 though 2000. As to Count 2, charging public bribery, relator addresses two of those items, the alleged bribe from Tommy Roshto in Las Vegas and the entire list of campaign contributions.
The State contends that the charges in Counts 1 and 2 are based on allegations that warehouse owners paid bribes to relator to influence his conduct in relation to his position as the Commissioner of the Department of Agriculture and Forestry and that the Department's state office is located in Baton Rouge. The State further argues that the conduct which the owners wished to influence was the award of contracts for warehouse food storage and that the bids for those contracts were prepared in, and the agency which awards the contracts (Louisiana Division of Administration) is in, East Baton Rouge Parish. The State further alleges that the invoices from the warehouse owners were submitted in Baton Rouge, the checks for payment of the contracts were prepared in Baton Rouge, the owners wished to influence relator's conduct as the Commissioner, and relator's acts were conducted in his capacity as the Commissioner, whose office is located in Baton Rouge.
Count 1 charges relator with conspiracy to commit public bribery. On November 8, 2002, the trial court granted relator's previous motion to quash based upon time limitations as to any allegations in Count 1 that occurred before August 22, 1998. Most of the four specific items in Count 1, referred to by relator (cash and checks from Roshto in 1992, crawfish lease in 1995, contributions from Roger Moore in Las Vegas in 1992 and that portion of the campaign contributions list from 1985 through 1997), occurred before August 1998, and thus, were quashed in the November 8 ruling. Since we affirmed the November 8 ruling in State v. Odom, 02-2404 (La.App. 1st Cir.06/27/03), 861 So.2d 202, also decided this date, the issue related to the aforementioned allegations, as they pertain to Count 1, is moot. Relator's arguments addressing that portion of the campaign contribution list which occurred after 1998 is not moot and will be addressed with relator's argument pertaining to Count 2.
Count 2 charges relator with public bribery by accepting cash payments from Tommy Roshto with the intent to influence conduct involving the warehouse food storage contracts. Among other allegations, the bill of particulars addressed alleged bribes by Roshto in 1992 in the form of a $5000 cash contribution and a campaign contribution in the form of a $2,500 check received by Odom in Las Vegas. In State v. Odom, 02-2698 (La. App. 1st Cir.06/27/03), 861 So.2d 187, also decided this date, we reversed that portion of the trial court's December 5, 2002 ruling limiting the allegations in the bill of particulars regarding Count 2 to ten specific items in the campaign contribution list from 1987 through 1992. Thus, the remaining allegations of Count 2 involve payments *198 from Tommy Roshto during the period of 1987 through 1992. This court must address whether the trial court properly determined that East Baton Rouge Parish is the proper venue for prosecuting these remaining allegations of criminal conduct.
At the hearing on the motion to quash based upon improper venue, the State presented the testimony of three witnesses. Skip Rhorer testified that he is the Assistant Commissioner for the Office of Management and Finance in the Department. He testified that all checks for payment of warehouse contracts are prepared by the Department of the Treasurer's Office, which is located in Baton Rouge. The paperwork for the payments is processed in Baton Rouge. Once the Division of Administration approves a contract, a person in the Department of Agriculture, located in Baton Rouge, handles the ordering and transfer of the food for storage. Rhorer also testified that he was an unclassified employee and that relator's campaigns in which he had been involved had headquarters in Baton Rouge.
Linda Chaney, the Fiscal Director for the Department, testified that she was an unclassified worker who also handled campaign finances for relator. She makes deposits of campaign checks in Hibernia Bank located in Baton Rouge.
Bonnie Kemp testified that she works in the State's purchasing division of the Division of Administration, located in Baton Rouge. Her department handles matters involving any contracts for the Department that are above the amount of $10,000.00. She explained that the paperwork pertaining to the contract specifications and bid solicitation took place in Baton Rouge.
The trial court denied the motion to quash based upon improper venue. The court indicated that it did not hear any specific evidence as to where the bribes occurred. However, the court took judicial notice that the State's indictment makes allegations against relator in his official and elected capacity.
Louisiana Constitution, art. I, § 16 requires that every person charged with a crime has the right to an impartial trial "in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law."
Louisiana Code of Criminal Procedure art. 611 provides for venue as follows:
All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.
Louisiana Code of Criminal Procedure art. 615 states:
Improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence and decided by the court in advance of trial.
Pursuant to a pre-trial motion, the trial judge is not required to find that a crime charged was committed but only that venue is proper by a preponderance of the evidence. State v. Gentry, 462 So.2d 624, 628 (La.1985). Additionally, the court may take judicial notice that a recognizable location is within a certain parish, even though the parish is never mentioned by name. See La.Code Evid. art. 201(B). See also State v. Batiste, 327 So.2d 420, 423 (La.1976); State v. Powell, 598 So.2d *199 454, 467 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992).
Louisiana Revised Statutes 14:118 provides for the offense of public bribery, in pertinent part:
A. (1) Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(a) Public officer, public employee, or person in a position of public authority.
* * * *
(e) Any person who has been elected or appointed to public office, whether or not said person has assumed the title or duties of such office.
(2) The acceptance of, or the offer to accept, directly or indirectly, anything of apparent present or prospective value, under such circumstances, by any of the above named persons, shall also constitute public bribery.
B. For purposes of this Section, "public officer", "public employee", or "person in a position of public authority", includes those enumerated in R.S. 14:2(9), and also means any public official, public employee, or person in a position of public authority, in other states, the federal government, any foreign sovereign, or any subdivision, entity, or agency thereof.
Relator argues that the trial court erroneously relied on the fact that his official office and position are in East Baton Rouge Parish. He specifically argues performance of the act intended to be influenced is not an element of the crime of public bribery. He contends that the crime of public bribery does not require that the "conduct intended to be influenced actually occur" and that "it is irrelevant where it may occur." He argues that the State must establish that the acceptance or offer to accept a bribe with the intent to be influenced must have occurred in East Baton Rouge Parish.
Relator primarily relies upon State v. Bloomenstiel, 235 La. 860, 106 So.2d 288 (1958). In that case, the defendant was a member of the Pontchartrain Levee Board, domiciled in the Parish of St. James, and was indicted in St. James Parish for public bribery. Defendant filed a motion to quash the bill contending that none of the elements were committed or occurred within the Parish of St. James. A stipulation of facts showed that no money or anything of value was offered, given, or accepted in the Parish of St. James and that there was no payment or disbursement of money or anything of value made, nor any money deposited in any bank or depository in St James. The Supreme Court concluded that no elements of the crime of public bribery occurred in St. James. The court noted the State's argument that the only place where the defendant's conduct is in relation to his position is where he could perform an official act, and not where the consideration is offered and accepted. The court concluded that the State's argument, that venue was in the place in which defendant's official conduct influenced by the bribery was exercised, was insufficient. In finding that venue was improper, the court explained:
The act complained of is public bribery. It is the giving to or receiving of money or anything of value, directly or indirectly, to a public official that, under the statute, constitutes the crime. The unmistakable object of the statute is to guard against the corruption of the mind of the officer by receiving a bribe, or being offered a bribe by another. Such *200 corruption of the mind might, and most likely would, lead to official misconduct, and hence the first step is made criminal, without looking or waiting for results. This step, the accepting of a bribe as charged, was not committed in the Parish of St. James. This step was taken, it began and effectively completed the crime in some parish other than St. James, and without any relation to what might thereafter occur in said Parish, or in any parish comprising the Levee District.
Our conclusion is that the act of bribery was completed when there was a giving and acceptance of money or a thing of value under a corrupt agreement. These acts having been committed beyond the territorial limits of the Parish of St. James, the district court... was without jurisdiction of the prosecution and the motion to quash was correctly sustained and the defendant discharged.
State v. Bloomenstiel, 235 La. at 866-867, 106 So.2d at 291.
The State counters, urging that State v. Bloomenstiel addressed venue under the "substantial element" test, which was rejected by the legislature when La.Code Crim. P. art. 611 was enacted in 1962. Upon enacting Article 611, the State asserts that the legislature adopted the "act or element test." State v. Roblow, 623 So.2d 51, 55 (La.App. 1st Cir.1993). In support of its argument, the state refers to the Official Revision Comment (b) to the statute that states:
In the above article the "act or element" test is adopted in preference to the "substantial element" test of the 1942 amendment of former R.S. 15:13. It will be noted that the act or element which confers venue must be one of several, which as a whole and united together constitute an offense.
Herein, the items at issue in Count 1 are the five 1999 campaign contributions in the list and in Count 2 are the campaign contributions from Tommy Roshto to relator in Las Vegas and the list of campaign contributions from 1987 though 1992. Linda Chaney testified that she handled the campaign finances for relator and that she made deposits of campaign checks in an account in Hibernia Bank located in Baton Rouge. Under La. R.S. 14:118(A)(2), the acceptance of a campaign contribution by a public officer under circumstances by which anything of value is given or offered to him with the intent to influence his conduct in relation to his position, employment or duty constitutes public bribery.
In Bloomenstiel, the court noted that there was no payment or disbursement of money made nor any money deposited in any bank or depository in the parish in which defendant was prosecuted. But herein, there was testimony that campaign contributions were deposited in a bank in East Baton Rouge Parish. The thing of value was not actually the check, but the money that relator received when the check from Roshto or others was processed and money was deposited in relator's account. While we acknowledge that there was no specific testimony that the check from Roshto or others was deposited in and paid to the Baton Rouge bank account, we conclude that the testimony of the routine deposit of campaign checks into the Baton Rouge bank account was sufficient to prove by a preponderance of the evidence that an act or element of the questioned allegations in Count 1 and Count 2 occurred in Baton Rouge.
Additionally, our supreme court has recently analyzed venue under the "act or element test" of La.Code Crim. P. art. 611 in State v. Hayes, XXXX-XXXX (La.1/28/03), 837 So.2d 1195, 1199. Therein, the court reviewed a motion to quash an information *201 that charged a defendant with felony theft. The Hayes court stated that the record was "unclear at this pretrial stage of the proceedings where the alleged acts of conversion took place ...." State v. Hayes, XXXX-XXXX, p. 1, 837 So.2d at 1196. However, although the defendant-employee had allegedly received $15,000 in cash under a contract for services rendered in Lafourche Parish, the court found that proper venue as to a charge relating to the missing cash was Calcasieu Parish, the parish where the defendant's employer conducted business. In so concluding, the court examined the "essence of the offense" and instructed that "the place where the effect of the criminal conduct occurs is an important consideration in determining whether the charged criminal acts have substantial contacts with the venue chosen for prosecution." State v. Hayes, XXXX-XXXX, p. 7, 837 So.2d 1195, 1199, citing State v. Cason, 198 La. 828, 5 So.2d 121,123 (1941).
With respect to the offenses of public bribery and conspiracy to commit public bribery involved in the present case, the essence of these offenses is that the conduct of a public official (or other person referenced in La. R.S. 14:118) is intended to be influenced by the receipt of something of value. In this case, the alleged effect of the criminal conduct charged is the influence or potential influence of the award of the warehouse food storage contracts. The evidence established that these contracts were approved in Baton Rouge and the ordering and the transfer of the food for storage pursuant to these contracts took place in Baton Rouge. Thus, based on the evidence set forth by the State, the force of the defendant's alleged criminal activity is felt in the Parish of East Baton Rouge. See State v. Hayes, XXXX-XXXX, p. 7, 837 So.2d 1195, 1199.
Accordingly, we affirm the trial court's ruling denying defendant's motion to quash as to Counts 1 and 2.

Counts 6, 7, 8, and 11
As to Counts 6, 7, 8, and 11, relator submits that since the rulings of the trial court quashing the theft of use counts (with the exception of allegations of overdue payment for pine seedlings in Count 11) are affirmed in the State's appeal,[1] then the issue of improper venue of those counts is moot.[2] Since we have affirmed the rulings of December 5 and December 20 as to those counts, this portion of relator's writ is moot.

DECREE
For these reasons, the writ is denied.
WRIT DENIED.
DOWNING, J., agrees in part and dissents in part and assigns reasons.
DOWNING, J., dissenting.
I dissent as to Counts 1 and 2 solely on the issue of venue. In all other respects I agree with the opinion. On the issue of venue, the State has failed to present evidence to meet its burden of proving that any act or element of the offenses charged actually occurred in East Baton Rouge Parish. Accordingly, the trial court erred in denying relator's motion to quash based on improper venue. I acknowledge that the State may file a new bill of information or indictment specifically alleging grounds for venue in East Baton Rouge Parish if it *202 chooses, but it is not entitled to a second bite at the apple on this indictment.
As the majority states, the items at issue here are five 1999 campaign contributions listed in Count 1 and, on Count 2, campaign contributions from Tommy Roshto to Mr. Odom in Las Vegas together with the list of campaign contributions from 1987 through 1992. There is no evidence in the record to support a conclusion that any act or element of the charge in Counts 1 or 2 occurred in East Baton Rouge Parish. At best, the State has proven a possibility that bribes in the form of campaign contributions were deposited in and paid to a bank in East Baton Rouge Parish. Without testimony or other specific proof that any such contributions were deposited into a bank account in East Baton Rouge Parish, the state has failed to establish facts by a preponderance of the evidence that would make East Baton Rouge Parish a place of proper venue. See La.C.Cr.P. art. 615 and State v. Gentry, 462 So.2d 624, 628 (La.1985). Accordingly, the ruling of the trial court on the issue of venue in East Baton Rouge Parish should be reversed.
NOTES
[1] State v. Odom, 02-2698 (La.App. 1st Cir.6/27/03), 861 So.2d 187, also decided this date.
[2] We note that relator has not challenged venue with respect to the allegation of Count 11 addressing an overdue payment for pine seedlings.