DOWNING, J.
DThe defendant, Michael Petitto, was charged by grand jury indictment with two counts of malfeasance in office, violations of La. R.S. 14:134. The defendant entered a plea of not guilty as charged. The defendant later filed a motion to quash the indictment, arguing that the indictment failed to charge an offense punishable under a valid statute and, alternatively, that the two counts in the indictment were duplicative. After a hearing, the trial court granted the defendant’s motion on the first basis. The State now appeals, arguing that the trial court erred in granting the defendant’s motion to quash the indictment. For the following reasons, we affirm the ruling of the trial court.
STATEMENT OF FACTS[1]
The State alleges that the defendant committed the instant offenses in his capacity as an elected member of the Tangi-pahoa Parish Council. According to the State’s answer to the bill of particulars herein, the charged offenses were based on a series of events that began on or about March 12, 2006, and continued until the end of November 2006. Particularly, the defendant made a motion to approve a resolution supporting the Pine Grove Subdivision on March 13, 2006. The events resulted in the payment and cancellation of the defendant’s mortgage in Tangipahoa Parish. Thus, the State contends that the defendant received a financial benefit (by having his personal home mortgage paid in full in the amount of $49,207.12) for initiating a Parish Council resolution that supported tax benefits to Pine Grove Subdivision for the development of property that the defendant’s brother had already made plans to purchase and then sell for a nearly $200,000.00 profit.
ASSIGNMENT OF ERROR
|sThe State argues that the trial court erred in granting the defendant’s motion to quash the indictment. The State contends that La. R.S. 14:134 allows for the criminal prosecution of behavior that does not fall under the criminal statutes but nevertheless is improper to a criminal extent. The State contends that the defendant violated civil, non-criminal laws that specified his lawful duty. The State concludes that it should be given the opportunity to prove before a jury that the defendant’s actions were criminal.
In his motion to quash and supporting memorandum, the defendant, in pertinent part, specifically argued that the indictment did not adequately state an alleged criminal violation in which the defendant intentionally performed one of his duties as a councilman in an unlawful manner. The motion notes that the State relied on alleged violations of La. R.S. 42:1111(E)(1) *1102 and La. R.S. 42:1112(B)(1) to support the malfeasance charges. The defendant argued that those charges are not criminal in nature, noting that Title 42 is a codification of the Code of Governmental Ethics as it pertains to elected public officials. The defendant further argued that the appropriate remedy for a violation of a provision contained in the chapter is a fine imposed by the Louisiana Ethics Board. The defendant argued that the State cannot rely on alleged civil violations to support a prosecution for an alleged violation of malfeasance in office, contending that such a crime must be based on a criminal violation such as theft, bribery, kickbacks, extortion, or solicitation to commit a crime.
In its memorandum in opposition to the defendant’s motion to quash, the State, in pertinent part, argued that La. R.S. 14:134 does not require a violation of a separate and distinct criminal statute. The State contended that to establish malfeasance in office, it need only prove the existence of an affirmative duty delineated by statute or law upon the defendant as a public officer and that the 14 defendant intentionally performed that duty in an unlawful manner or intentionally refused or failed to perform any duty expressly imposed by law upon the official.
At the hearing on the motion to quash, the parties did not present additional argument, but submitted the matter on the memoranda. The trial court noted that the Code of [Governmental] Ethics has the force of law and establishes affirmative duties on [public] officials. The trial court concluded, however, that laws that establish ethical standards on public officials should not be the basis for prosecution of malfeasance in office.
A motion to quash may be based on the ground that “[t]he indictment fails to charge an offense which is punishable under a valid statute.” La.C.Cr.P. art. 532(1). An appellate court reviews a ruling on a motion to quash for abuse of discretion. Odom, 02-2698 at pp. 5-6, 861 So.2d at 191.
Louisiana Revised Statutes 14:134 provides that malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful mannerjor
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
Prosecutions for malfeasance in office as defined by La. R.S. 14:134(1) and 14:134(2) presuppose the existence of “a statute or provision of the law which delineates an affirmative duty upon the official.” This duty “must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what conduct will subject him to criminal charges.” State v. Perez, 464 So.2d 737, 741 (La.1985). Thus, malfeasance requires proof that a clear duty was violated. The malfeasance statute was not designed to punish all forms of misconduct in office. Some forms of misconduct by public officials are subject to other sanctions.
The Code of Governmental Ethics, in an attempt to protect against conflicts of interest between the private interests of a public servant and his public duties, sets up ethical standards of conduct. La. R.S. 42:1101 B. These standards do not require that there be actual corruption on the part of the public servant or actual loss by the state. The stat *1103 ute establishes an objective rather than subjective standard of conduct, and actions prohibited by that standard are sufficient to violate the statute. See United States v. Mississippi Valley Generating Co., 364 U.S. 520, 549-50, 81 S.Ct. 294, 309, 5 L.Ed.2d 268 (1961).
The Code of Governmental Ethics is not a criminal statute whose aim is the apprehension and punishment of persons guilty of public wrongdoing. Instead, the primary objective of the legislation is to prevent public officers and employees from becoming involved in conflicts of interests. A conflict of interest is a situation that would require an official to serve two masters, presenting a potential, rather than an actuality, of wrongdoing. The wrongdoing does not have to occur in order for a prohibited conflict to exist. A public official may have done no wrong in the ordinary sense of the word, but a conflict of interest may put him in danger of doing wrong. Glazer v. Commission on Ethics for Public Employees, 431 So.2d 752, 755-56 (La.1983); see United States v. Mississippi Valley Generating Co., 364 U.S. at 548-50, 81 S.Ct. at 308-10. The Code is aimed at avoiding even this danger.
For this purpose, the Code of Ethics for Governmental Employees identifies certain types of conflicts of interests and prohibits conduct by public officials that would bring these conflicts into being. Additionally, the Code empowers the Board of Ethics to determine when a conflict of interest exists and to impose certain sanctions. La. R.S. 42:1134-35,1141,1151-56.
|fiWe conclude that the Ethics Code is not criminal in nature and that the malfeasance statute was not designed to punish the forms of misconduct alleged herein. Thus, the trial court did not abuse its discretion in granting the motion to quash herein. The State’s sole assignment of error is without merit.
DECREE
For the foregoing reasons, we affirm the ruling granting the defendant’s motion to quash the indictment.
RULING GRANTING DEFENDANT’S MOTION TO QUASH INDICTMENT AFFIRMED.
GAIDRY, J., concurs with reasons.

. In considering a motion to quash the indictment, the trial court considers the facts stated in the bill of particulars as true and determines whether or not, if proved, they constitute the crime charged. State v. Odom, 02-2698. p. 11 (La.App. 1 Cir. 6/27/03), 861 So.2d 187, 195.