KNOLL, J.,
dissenting.
|; Although I find the defendant is subject to prosecution, I disagree with the majority opinion holding that violations of duties imposed upon public officials by La. Rev.Stat. 42:1111 E(l) and 42:1112 B(l) of the Code of Governmental Ethics may form the basis for a charge of violation of La.Rev.Stat. 14:134 (malfeasance in office).
Before a public official can be charged with malfeasance in office, there must be a statute or provision of the law which delineates an affirmative duty upon the official. State v. Passman, 391 So.2d 1140, 1144 (La.1980). In absence of any express requirement of him in his official capacity, he cannot be charged with failing to perform a “duty lawfully required of him.” Id. (quoting La.Rev.Stat. 14:134). The duty must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what *1255 conduct will subject him to criminal charges. State v. Perez, 464 So.2d 737, 741 (La.1985) (emphasis supplied).
Appropriately, the majority opinion quotes from Justice Lemmon’s dissent in Perez, which emphasized the narrowness of this Court’s interpretation of La.Rev. Stat. 14:134 in Passman. State v. Petitto, 10-581, p. 8 (La.3/15/11), 59 So.3d 1245. Notably, Justice Lemmon found the bill of information did not charge conduct involving the failure to perform a specific duty expressly defined by the Legislature, 12thus rejecting the finding of a “duty lawfully required” by virtue of the oath of office set forth in La. Const. art. X, § 30. Perez, 464 So.2d at 746 (Lemmon, J., dissenting). “Criminal statutes must be narrowly construed. One of the inevitable consequences of narrow construction is that some forms of analogous misconduct will fall beyond the scope of a particular statute.” Id. In my view, the majority opinion disregards the well-established rule of lenity in construing La.Rev.Stat. 42:1111E(1) and 42:1112B(1) as a basis for charging a violation of an express duty of which the public official had notice, ie., a malfeasance charge.
However, the State is not without recourse to criminally charge defendant for his alleged conduct. As perspicaciously noted by Judge Gaidry in his concurrence, the alleged violations of ethical duties could be based upon facts that also constitute violations of statutes or provisions of law delineating an affirmative duty upon defendant. State v. Petitto, 09-1855 (La.Ct.App. 1 Cir. 2/12/10), 35 So.3d 1100, 1103 (Gaidry, J., concurring). The basis for Count II of the indictment is an alleged violation of La.Rev.Stat. 42:1111 E(1). Defendant’s alleged actions that are the basis for this count possibly violate La.Rev.Stat. 14:118 A(2), the offense of public bribery. Public bribery may be defined generally as the voluntary giving or offering to give, or the acceptance of or offer to accept, directly or indirectly, by any public officer, official or public employee, anything of apparent present or prospective value, with the intent to influence such person in relation to his position, official duty or employment, or to incline him to act contrarily to known rules of honesty and integrity. State v. Bloomenstiel, 235 La. 860, 106 So.2d 288, 290 (1958). It is an offense against public justice, the gist of the crime being the wrong done to the people by corruption in the public service. Id.
In my view, the State should have charged defendant with a violation of a | ¡¡criminal law in pursuing defendant’s malfeasance in office. I find it inappropriate to use Part II of the Code of Governmental' Ethics, which is entitled “Ethical Standards for Public Servants,” as a basis for prosecution. This approach tends to be a “slippery slope,” as not all violations under the Code of Governmental Ethics constitute criminal conduct. For these reasons, I respectfully dissent.