McDonald, j.
|2The defendant, Jonathan Parker, was charged by bill of information #27572, with one count of indecent behavior with a juvenile (count I), a violation of La. R.S. 14:81(A)(2); and one count of pornography involving juveniles (count II), a violation of La. R.S. 14:81.1, and initially pled not guilty, on both counts. Additionally, he was charged by bill of information # 27573, with one count of computer-aided solicitation of a minor (count I), a violation of La. R.S. 14:81.3; and one count of extortion (count II), a violation of La. R.S. 14:66(3).[1] Thereafter, he withdrew his initial pleas and pled guilty to all four counts. He subsequently moved to withdraw his guilty pleas, but the motion was denied. As to bill # 27572, the defendant was sentenced to seven years at hard labor on count 1, and ten years at hard labor without the benefit of parole, probation, or suspension of sentence on count II. As to bill # 27573, he was sentences to ten years at hard labor without benefit of parole, probation, or suspension of sentence on count 1, and fifteen years at hard labor on count II. The trial court ordered all four sentences to be served concurrently. He moved for reconsideration of sentence, but the motion was denied. He now appeals, alleging three assignments of error: (1) the trial court lacked jurisdiction; (2) the trial court erred in denying the motion to withdraw the guilty pleas; and (3) the trial court erred in denying the motion to reconsider sentence. For the following reasons, we affirm the convictions and sentences.

FACTS

Due to the defendant’s guilty pleas, there was no trial, and thus, no trial testimony concerning the offenses. At the Boykin[2] hearing, however, the trial court reiterated the factual bases for the charges set forth by the State, which the defendant |3accepted as accurate. In regard to bill # 27572, count I (indecent behavior with a juvenile), the State set forth that, on or about March 1, 2009, through July 6, 2010, in Ascension Parish, the defendant transmitted electronic textual communication or electronic visual communication depicting lewd or lascivious conduct, text, or images to a person reasonably believed to be under the age of seventeen, and reasonably believed to be at least two years younger than the offender, with the intent of arousing the sexual desires of either the defendant or the victim.
In regard to bill # 27572, count II (pornography involving juveniles), the State set forth that, on or about March 1, 2009, through July 6, 2010, in Ascension Parish, the defendant photographed, videotaped, filmed, or otherwise reproduced visual sexual performances involving a child under the age of seventeen.
In regard to bill # 27573, count I (computer-aided solicitation of a minor), the State set forth that, on or about March 1, 2009, through July 6, 2010, in Ascension Parish, the defendant, being eighteen years of age or older, contacted or communicated through the use of electronic textual communication with a person who had not yet attained the age of eighteen, or a person reasonably believed not to have attained the age of eighteen, for the pur *748 pose of, or with intent to persuade, entice, induce, or coerce the person to engage or participate in any sexual conduct or crime of violence, or with intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of eighteen, or a person reasonably believed not to have attained the age of eighteen.
In regard to bill # 27573, count II (extortion), the State set forth that the defendant, on or about March 1, 2009, through July 6, 2010, in Ascension Parish, communicated threats to S.M.[3] to expose or impute any deformity or disgrace to her, or to any member of her family or to any person dear to her.
^Additionally, the presentence investigation (PSI) report indicated the victim’s father contacted authorities after the defendant sent explicit photographs of the victim to the victim’s father’s and the victim’s mother’s cell phones. When the victim’s father tried to call the defendant, he claimed to be someone else. Subsequently, however, the defendant admitted that he had sent the photographs.
According to the PSI, the victim indicated she met the defendant on “Frostwire” and “MSN” approximately two years earlier. After approximately five months, the conversations between the defendant and the victim “turned to a sexual manner,” and he began asking for nude photographs of the victim performing sexual acts. The defendant instructed the victim “as to the type, manner and sexual acts that she was to perform.” Subsequently, the victim told the defendant she no longer wanted to take pictures of herself and send them to him. The defendant then blackmailed the victim, threatening to contact her parents unless she sent him “more explicit photography with [the] juvenile performing sex acts with a hairbrush, a banana, a curling iron and with her dog.” The victim sent the defendant approximately S(M0 pornographic images. The defendant sent the photographs to his 14-year-old girlfriend in Wharton, Texas, an adult male in Baton Rouge, and a 14-year-old female in Hammond in an attempt to arrange a sexual encounter. The defendant also sent pornographic pictures of himself and his 14-year-old girlfriend to the victim.

VENUE

In assignment of error number 1, the defendant argues that trial counsel was ineffective for failing to move to quash for improper venue or lack of jurisdiction because “the entirety of the crime[s] in question occurred in Texas wholly outside of Louisiana.”
A claim of ineffective assistance of counsel is generally relegated to post-conviction proceedings, unless the record permits definitive resolution on appeal. State v. Miller, 99-0192 (La.9/6/00), 776 So.2d 396, 411, cert. denied, 531 U.S. 1194, 121 S.Ct. 1196, 149 L.Ed.2d 111 (2001).
A claim of ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney’s performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance prejudiced the defense. The defendant must prove actual prejudice before relief will be granted. This element requires a showing that the *749 errors were so serious that the defendant was deprived of a fair trial; it is not sufficient for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that, but for the counsel’s unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel’s performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 859-60 (La.App. 1st Cir.1992), writ denied, 614 So.2d 1263 (La.1993).
Louisiana Constitution Article I, § 16, in pertinent part, provides that every person charged with a crime has the right to an impartial trial “in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law.”
Additionally, Louisiana Code of Criminal Procedure art. 611(A) provides:
All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to Rhave been committed in any parish in this state in which any such act or element occurred.
Venue is not an essential element of the offense; rather, it is a jurisdictional matter. Objections to venue must be raised by a motion to quash to be ruled on by the court in advance of the trial. At the hearing, the burden is on the State to prove venue by a preponderance of the evidence. La.Code Crim. P. art. 615. State v. Roblow, 623 So.2d 51, 55 (La.App. 1st Cir.1993).
We will address assignment of error number 1, even in the absence of a motion to quash, because it would be necessary to do so as part of the analysis of the ineffective assistance of counsel claim. See State v. Bickham, 98-1839 (La.App. 1st Cir.6/25/99), 739 So.2d 887, 891-92.
In regard to indecent behavior with juveniles, prior to amendment by 2009 La. Acts No. 198, § 1, La. R.S. 14:81 provided;
E. An offense committed under this Section and based upon the transmission and receipt of electronic textual or visual communications may be deemed to have been committed where the communication was originally sent, originally received, or originally viewed by any person.
Regarding to computer-aided solicitation of a minor, La. R.S. 14:81.3 provides:
F. An offense committed under this Section may be deemed to have been committed where the electronic textual communication was originally sent, originally received, or originally viewed by any person, or where any other element of the offense was committed.
Concerning bill # 27572, count 1 (indecent behavior with a juvenile) and bill. # 27573, count I (computer aided solicitation of a minor), the defendant argues “when the ‘receipt’ or ‘viewing1 referred to in the above referenced statute[s] refers to an action taken by someone other than the defendant we would argue that the action can’t be imputed to a defendant outside of the jurisdictional borders of Louisiana for the purpose of obtaining jurisdiction over him.” In regard to bill 17# 27573, count 11 (extortion), the defendant argues, “if said communication was initiated, it was initiated in Texas.”
The place where the effect of the criminal conduct occurs is an important consideration in determining whether the charged criminal acts have substantial con *750 tacts with the venue chosen for prosecution. See State v. Hayes, 2001-3193 (La.1/28/03), 837 So.2d 1195, 1199 (per cu-riam); State v. Odom, 2002-2701 (La.App. 1st Cir.6/27/03), 861 So.2d 195, 201, writ denied, 2003-2147 (La.10/17/03), 855 So.2d 766. Although the defendant resided in Texas, his actions victimized a child and her parents in Ascension Parish, and thus, Ascension Parish was a proper venue in this matter. Further, the defendant focuses on certain elements of the offenses while ignoring others. The transmission of a pornographic picture to the victim was not a completed offense until receipt of that picture. Additionally, the defendant’s communication through the use of electronic textual communication with the victim, for the purpose of, or with intent to persuade, induce, or coerce her to engage or participate in sexual conduct, was not a completed offense until receipt of the communication. Similarly, the defendant’s communication of a threat to disgrace the victim to force her to continue to provide naked pictures of herself to him was not a completed offense until receipt of the threat by the victim in Ascension Parish.
In regard to bill # 27572, count II (pornography involving juveniles), the defendant argues “[t]he alleged act[s] of possession, receipt, and distribution of said photos occurred in Texas.” The defendant’s argument ignores the fact that pornography involving juveniles includes the “coercion of any child under the age of seventeen for the purpose of photographing ... or otherwise reproducing visually any sexual performance involving a child under the age of seventeen.” La. R.S. 14:81.1(A)(2) (prior to amendment by 2010 La. Acts No. 516, § 1). The victim was coerced in Ascension Parish, and thus Ascension Parish was a proper venue in this | ^matter. Accordingly, the defendant tails to show deficient performance by defense counsel in failing to move to quash the bills of information for improper venue.
However, even assuming, arguen-do, defense counsel had performed defi-ciently in failing to move to quash, the defendant suffered no prejudice from the deficient performance because this court considered the defendant’s challenges to venue and jurisdiction in connection with the ineffective assistance of counsel claim and found them to be without merit.
This assignment of error is without merit.

MOTION TO WITHDRAW GUILTY PLEA

In assignment of error number 2, the defendant argues the trial court erred in not allowing the guilty pleas to be withdrawn because defense counsel told the defendant he would not receive maximum sentences.
A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. A defendant may not withdraw a guilty plea simply because the sentence imposed is heavier than anticipated. It is not unreasonable for a trial court to deny a defendant the luxury of gambling on his sentence, then being able to withdraw his plea if and when he discovers the sentence is not to his liking. Nevertheless, a guilty plea is constitutionally infirm if a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes to be a plea bargain, and that bargain is not kept. In such cases, the guilty plea was not given freely and knowingly. State v. Roberts, 2001-3030 (La.App. 1st Cir.6/21/02), 822 So.2d 156, 158, writ denied, 2002-2054 (La.3/14/03), 839 So.2d 31.
On July 11, 2011, the defendant, with benefit of counsel, pled guilty to all four charges against him. He indicated that he *751 was twenty-two years old, and had “some college credits.” He stated that defense counsel had explained his rights to him. He |flalso stated that he understood his Boykin[4] rights when the court explained them to him.
In regard to bill # 27572, count I (indecent behavior with a juvenile), the court explained:
[Court]: The range of penalties for this offense is a fíne of not more than $5,000, or imprisonment with or without hard labor for not more than seven years, or both. So you understand the possibility of sentence for that offense?
[Defendant]: Yes, sir.
In regard to bill # 27572, count II (pornography involving juveniles), the court explained:
[Court]: Now, the range of penalties for that offense is a fine of not more than $10,000 and imprisonment for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence. So do you understand the possibility of sentence for that offense?
[Defendant]: Yes, sir.
In regard to bill # 27573, count I (computer-aided solicitation of a minor), the court explained:
[Court]: Now, the range of penalties for that offense is a fíne of up to $10,000, imprisonment for not less than five years nor more than ten years without benefit of parole, probation, or suspension of sentence. So do you understand the possibility of sentence for that offense?
[Defendant]: Yes, sir.
In regard to bill # 27573, count II (extortion), the court explained:
MCourt]: Now, the range of penalties of that offense is imprisonment for not less than one nor more than 15 years. So do you understand the possibility of sentence you could receive for that? [Defendant]: Yes, sir.
Additionally, the court advised the defendant:
[Court]: Now, in your case, your attorney and the district attorney have conducted plea bargaining. They agree that there will be no sentencing today, that they’re going to order a pre-sen-tence investigation. A pre-sentence investigation is performed by probation and parole. They can look at you, your background; have any pastor or any member you want to participate in the pre-sentence investigation. The State is also entitled to participate in it and then they’ll send a report to the court with a recommendation as to what they think the sentence should be. That report will be made available to you through your attorney, and the Court will then schedule it for a sentencing. So knowing that that’s the procedure we’re going to follow in this case, do you still want to plead guilty?
[Defendant]: Yes, sin
On February 6, 2012, prior to sentencing, defense counsel moved to withdraw the guilty pleas, claiming they were not *752 knowingly, intelligently, or voluntarily entered. The motion set forth that defense counsel had advised the defendant that, since he was a first-felony offender, and the sentences would likely be served concurrently, he could expect to be sentenced to somewhere between five and ten years total. The motion alleged “[the defendant] never would have pled guilty had he been advised that he could reasonably expect to be sentenced to anything close to 42 years, which is what this court has now proposed.”
At the hearing on the motion, the defendant claimed he had been forced into the plea. Re stated, “I was told a sentence and that’s what I get.” Defense counsel responded that he had not forced anyone into a plea. He stated the defendant was a first-time offender, and the motion was tiled because the court had sent out a “proposed sentencing of 42 years, which means every charge to be run consecutively with each other.” The trial court denied the motion to withdraw, noting “we went over the [Bjoykin very carefully.”
|nThe trial court did not abuse its discretion in denying the motion to withdraw the guilty pleas. The defendant moved to withdraw his guilty pleas because he was afraid he would receive consecutive sentences. There was no plea bargain for non-consecutive sentences. Moreover, no substantial rights of the accused were affected because the defendant received concurrent, rather than consecutive, sentences. See La.Code Crim. P. art. 921.
This assignment of error is without merit.

EXCESSIVE SENTENCES

In assignment of error number 3, the defendant argues that the trial court abused its discretion in denying the motion to reconsider, as the sentences were excessive. He claims that he was only nineteen when he began communicating with the victim using the internet, had no prior felony convictions, and that the victim was “more savvy and sexually experienced [than] the defendant.”
The Louisiana Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing a sentence. La.Code Crim. P. art. 894.1 The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. In light of the criteria expressed by Article 894.1, a review for individual exeessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Hurst, 99-2868 (La.App. 1st Cir.10/3/00), 797 So.2d 75, 83, writ denied, 2000-3053 (La.10/5/01), 798 So.2d 962. Remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. State v. Harper, 2007-0299 (La.App. 1st Cir.9/5/07), 970 So.2d 592, 602, writ denied, 2007-1921 (La.2/15/08), 976 So.2d 173.
Louisiana Constitution Article 1, § 20 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to | ^appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. A trial judge is given wide discretion in the imposition *753 of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. Hurst, 797 So.2d at 83.
Whoever commits the crime of indecent behavior with juveniles (bill # 27572, count 1) shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893. La. R.S. 14:81(H)(1). On bill # 27572, count I, the defendant was sentenced to seven years at hard labor.
Whoever commits the crime of pornography involving juveniles (bill #27572, count II) shall be fined not more than ten thousand dollars and be imprisoned at hard labor for not less than two years or more than ten years, -without benefit of parole, probation, or suspension of sentence. La. R.S. 14:81.1(E) (prior to amendment by 2010 La. Acts No. 516, § 1 & 2012 La. Acts No. 446, § 1). On bill # 27572, count II, the defendant was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence,
As applicable here, whoever commits the crime of computerized solicitation of a minor by violating the provisions of La. R.S. 14:81.3 (bill # 27573, count I) shall be fined not more than ten thousand dollars and shall be imprisoned at hard labor for not less than five years nor more than ten years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:81.3(B)(l)(a). On bill #27573, count I, the 11 .-¡defendant was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence.
Whoever commits the crime of extortion (bill # 27573, count II) shall be imprisoned at hard labor for not less than one nor more than fifteen years. La. R.S 14:66 (prior to amendment by 20.11 La. Acts No. 243, § 1). On bill # 27573, count II, the defendant was sentenced to fifteen years at hard labor.
The court ordered the sentences imposed would run concurrently, “so ten years of the sentence shall be without benefit of parole, probation, or a suspension of sentence.”
In sentencing the defendant, the court noted he was twenty-two years old and officially classified as a first-felony offender. The court indicated it had ordered and received a PSI to assist in making a fair decision on sentencing. The court stated it “considers thoroughly that report that’s received as well as the comments made today and as well as the letters that the Court has received in support of [the defendant].” The court found:
The subject has multiple offenses involving juveniles. Based on this information, the State of Louisiana Department of Public Safety and Corrections is recommending that he receive a sentence of seven years at hard labor for indecent behavior with a juvenile; ten years at hard labor for pornography involving juveniles without benefit of parole, probation, or a suspension of sentence; ten years at hard labor for computer-aided solicitation of a minor without benefit of parole, probation, a suspension of sentence; and fifteen years at hard labor for extortion. Louisiana Department of Public Safety and Corrections recommends that these sentences be run consecutively for a total of 42 years with 20 years of the sentence to be imposed without benefit of parole, probation, or a suspension of sentence.
*754 A thorough review of the record reveals the trial court adequately considered the criteria of Article 894.1 and did not manifestly abuse its discretion in imposing the sentences herein. See La.Code Crim. P. art. 894.1(A)(3), (B)(2) & (B)(21). Further, the sentences imposed were not grossly disproportionate to the severity of the offenses and, thus, were not unconstitutionally excessive. Additionally, | Umaximum sentences were warranted in this matter. Maximum sentences may be imposed only for the most serious offenses and the worst offenders, or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. State v. Miller, 96-2040 (La.App. 1st Cir.11/7/97), 703 So.2d 698, 701, writ denied, 98-0039 (La.5/15/98), 719 So.2d 459. Defendant’s actions were classified as the most serious offenses because the defendant coerced a minor child into sending him sexually explicit photographs of herself and then proceeded to circulate those photographs to others. He falls into the category of the worst offender because he repeatedly victimized the child and also victimized her family.
This assignment of error is without merit.
CONVICTIONS AND SENTENCES AFFIRMED.

. The record does not reflect the defendant's initial pleas to these counts.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The victim's initials, rather then name, are used pursuant to La. R.S. 46:1844(W).

. In Boykin v. Alabama, the United States Supreme Court reversed five robbety convictions (founded upon guilty pleas because the court accepting the pleas had not ascertained that the defendant voluntarily and intelligently waived his right against compulsory self-incrimination, right to trial by jury, and right to confront his accusers. 395 U.S. at 243-44, 89 S.Ct. 1709. Boykin only requires a defendant be informed of these three rights. Id. "Its scope has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions.” State v. Smith, 97-2849 (La.App. 1st Cir.11/6/98), 722 So.2d 1048.